NATALE BARACA, administrator, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Essex.    October 21, 1926. — November 24, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Life.

The record before this court in an action of contract against a life insurance company upon a policy which required weekly payments of premium showed no provisions in the policy of an express requirement that the company have its agent call upon the insured for premiums, although the policy provided that premiums might be paid directly to the company and not through an agent on receipt of a written notice from the policy holder of his desire so to pay. There was no evidence of such a notice having been given. The agent of the defendant called regularly and collected premiums to November 1, when he ceased working for the defendant and no further premiums were paid until the following April, when premiums in arrears were paid directly to the defendant in consequence of a revival application, signed by the insured, which contained the following: "The above described Policy having lapsed, and the undersigned having forfeited all claims thereunder, hereby applies for a revival of insurance; and to induce the said Company to revive the same, hereby represents . . . [representations as to health]. And the undersigned expressly agrees that no liability exists on the part of the Company until said Company, at its Executive Offices, shall have approved this application for a revival." After an examination by its physician, the defendant refused to grant the application for revival. *Held*, that

(1) The evidence as to the application for a revival of insurance was competent as an admission by the insured that the policy had lapsed;

(2) The record did not show an agreement by the defendant to call for the premiums;

(3) The insured by his application for a revival having treated the policy as having lapsed for the reason that the premiums had not been paid, and having agreed that there should be no liability if the defendant did not approve the revival, the action could not be maintained.

CONTRACT upon a policy of life insurance. Writ dated October 23, 1922.

In the Superior Court, the action was tried before *Lourie,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge, on motion by the defendant, ordered a verdict in its favor. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. A. A. Comparone,* for the plaintiff.

*G. W. Cox, J. J. Bacon, & W. P. Kelly,* for the defendant.

CROSBY, J. This is an action of contract to recover $500, the proceeds of two life insurance policies issued by the defendant November 24, 1919, and December 8, 1919, respectively, on the life of Antonina Amorea, the plaintiff's intestate. The weekly premium to be paid on each policy was fifty cents and each policy called for the payment of $250 in the event of the death of the insured with proper proof of the fact. The premiums were paid to an agent of the defendant who called at the house where the insured lived up to November 1, 1920. Later that year the agent ceased to work for the defendant, and no premiums were paid after November 1, 1920, until April 29, 1921, when the premiums in arrears amounting to $27 were paid directly to the company in consequence of two revival applications signed by the insured which contained the following clause: "The above described Policy having lapsed, and the undersigned having forfeited all claims thereunder, hereby applies for a revival of insurance; and to induce the said Company to revive the same, hereby represents and declares that the Life heretofore insured under said Policy has not, since it was issued, been sick or afflicted with any disease, or met with any accident, or consulted or been prescribed for by any physician, except as stated on this application. And the undersigned expressly agrees that no liability exists on the part of the Company until said Company, at its Executive Offices, shall have approved this application for a revival."

On May 21, 1921, a physician who examined the insured for the company reported that she was in bad health and recommended that the applications for revival of the policies

be rejected. The following day the insured died; the applications were not granted.

At the conclusion of the evidence, the presiding judge allowed a motion filed by the defendant that a verdict be directed in its favor, and the plaintiff excepted. The plaintiff also excepted to the denial of a motion filed by him that a verdict be directed in his favor. As the premiums were not paid weekly from and after November 1, 1920, it is plain that they were in arrears and that the policies had lapsed. There is nothing in the record to show that the contract of insurance provided that the company agreed to send an agent to collect the premiums and no agreement to that effect can be implied. The policy provided that premiums might be paid directly to the company and not through an agent, on receipt of a written notice from the policy holder of his desire so to pay, but the record states that there was no evidence of such a notice having been given. The provision for the payment of premiums directly to the company has no application to the facts in the case at bar. The evidence relating to the applications for the revival of insurance was competent as an admission by the insured that the policies had lapsed. The exception to the admission of this evidence must be overruled.

It is the contention of the plaintiff that the policies never lapsed and therefore required no revival; that it was the duty of the defendant to furnish an agent to collect premiums and that such an agent did call at the house of the insured and collect the premiums from and after the issuance of the policies until November 1, 1920, on which date or shortly thereafter the agent ceased to work for the defendant; that by reason of the conduct of the parties the defendant assumed the obligation of calling for the premiums at the house of the insured. Although certain terms of the policies are recited in the record, all of their provisions are not before us. We may assume that a duly authorized agent of the defendant had power to receive premiums, but whether it was the duty of the insurer to send an agent to call upon the insured for the purpose of receiving them does not appear nor can it be inferred. The decisive answer, however, to

this contention is that the insured treated the policies as having lapsed for the reason that the premiums had not been paid, and made written application for revival and therein "expressly agrees that no liability exists on the part of the Company until said Company, at its Executive Offices, shall have approved this application for a revival." In these circumstances the plaintiff cannot claim that the policies had not lapsed.

It follows that, at the date of the death of the insured, the defendant not having consented to a revival of the policies, all rights thereunder had been forfeited.

*Exceptions overruled.*