FANNIE UMANS *vs.* THE NEW YORK LIFE INSURANCE COMPANY.

Suffolk. March 23, April 4, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Life: lapse for nonpayment of premium, reinstatement. *Evidence,* Competency. *Estoppel. Fraud.*

At the trial of an action by a beneficiary upon a policy of life insurance requiring payments of premiums regularly in advance and providing that a grace of "one month . . . will be allowed" if payment of a premium was not made when it was due, there was evidence showing

merely that a premium due on December 1 was not paid, that sometime in December the beneficiary, the insured's wife, sent a check of a third person to the defendant's office, which was returned to her with a letter stating that the policy had lapsed and an application for reinstatement would have to be made; that she then visited the office of the insurance company and an official of the company with whom she had done business told her the policy had lapsed and that "in order to make the policy good again you will have to have your husband sign a paper with a lot of questions"; that on March 13, the insured made an application for reinstatement in which he recited that the policy had lapsed and declared, "on behalf of myself and of every person who has or shall claim any interest in or under the . . . policy," that the answers to the questions in the application "all are, and I warrant them to be, full, complete and true"; and that material answers were false.    A verdict for the defendant was ordered.    *Held,* that

(1) There had been no payment of premium during the month of grace and the policy had lapsed; this the insured recognized in applying for reinstatement;

(2) There was no evidence of fraud on the part of the company in procuring the application for reinstatement;

(3) By reason of the false answers of the insured in the application for reinstatement, the policy was not revived;

(4) The verdict properly was ordered.

G. L. c. 175, § 186, providing that no misrepresentation or warranty, unless made with the intent to deceive, or unless the risk of loss is increased, is to be deemed material, does not apply to an application for reinstatement of a policy after it has lapsed for nonpayment of premium.

CONTRACT upon a policy of insurance on the life of Max Umans.    Writ dated December 5, 1924.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence is stated in the opinion.    At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination upon the agreement stated in the opinion.

*A. J. Berkwitz,* for the plaintiff.

*F. H. Nash,* for the defendant.

CARROLL, J.    This is an action to recover on a policy of insurance issued December 2, 1920, on the life of Max Umans.    Payments of premiums were to be made on the first day of March, 1921, and the first day of every third month thereafter.    Premiums were paid until December, 1922. On March 13, 1923, the insured made application for reinstatement.    In this application he declared, "on behalf of myself and of every person who has or shall claim any inter-

est in or under the . . . policy," that the answers to the questions in the application "all are, and I warrant them to be, full, complete and true." It was agreed that his answers, which were, that he had not been in any hospital, had not been attended by any physician, had not had any illness since the date of the policy, were not true. It was further agreed that the insured had been in the Massachusetts General Hospital, the Peter Bent Brigham Hospital and the Rainbow Sanitarium since the date of the policy, and had been treated for heart trouble and other serious maladies. Umans died March 29, 1924.

In the original declaration it was alleged that "after divers payments of premiums on said policy, the said defendant duly reinstated the said policy on or about March 19, 1923." The plaintiff amended by adding a second count to her declaration, in which she asserted that premiums were paid to December 1, 1922, "when through an oversight the then due premium was not paid. That under the terms of said policy it . . . may be reinstated" at any time within five years after any default, on written application by the insured and "upon presentation of evidence of insurability satisfactory to the company"; that the defendant through fraud and false representation, without consideration, and in violation of the terms of the policy, required Umans to sign an application contrary to the contract and induced him to believe he must sign the same before reinstatement.

Mrs. Umans testified that sometime during December, when the premium was due, she sent the check of a third person for the amount of the premium, by mail, to the defendant's office in Boston; that later the check was returned to her with a letter stating that the policy had lapsed and an application for reinstatement would have to be made. It did not appear by whom this check was signed or the name of the maker, that it was indorsed by anybody or that it was presented for payment, and the name of the payee of the check did not appear. The plaintiff testified that on the return of the check she visited the defendant's office and spoke to one Kelly, an official of the company with whom she had done business; that he told her the policy had lapsed;

that "in order to make the policy good again you will have to have your husband sign a paper with a lot of questions."

The plaintiff alleged in her first count that the policy was reinstated, and in her amended count declared that the premium due December first was not paid; that the insured desired to be reinstated in accordance with the terms of the policy. In the application for reinstatement the insured stated that he made the answers for the purpose of inducing the defendant "to reinstate my said policy." The application recited that the defendant was to rely upon his answers in passing upon the application for reinstatement of said policy "which lapsed for non-payment of premium due on the . . . day of . . . 19 . . . and is not now in force except as may be provided by its non-forfeiture provisions." A verdict was directed for the defendant and the case reported on the agreement of the parties that, if upon competent evidence the plaintiff was entitled to go to the jury, judgment was to be entered for the plaintiff, otherwise judgment was to be entered on the verdict.

Under the terms of the declaration, the plaintiff's evidence that she mailed a check in December was not competent to prove that the policy was in force from December 1 to March 13. Furthermore, Umans in his application on behalf of himself and every one claiming any interest in the policy, declared that the policy had lapsed and was not in force; that he made the answers in the application to induce the defendant "to reinstate my said policy." He therefore recognized the claim of the defendant that the policy had lapsed, and it is not open to the plaintiff under these circumstances to contend that the policy had not lapsed. *Baraca* v. *Metropolitan Life Ins. Co.* 257 Mass. 538. *Teeter* v. *United Life Ins. Association*, 159 N. Y. 411, 416.

As the answers in the application were false, the policy was never reinstated. G. L. c. 175, § 186, providing that no misrepresentation or warranty, unless made with the intent to deceive, or unless the risk of loss is increased, is to be deemed material, does not apply to an application for reinstatement. *Clark* v. *Mutual Life Ins. Co. of New York*, 251 Mass. 1.

The provision in the policy that it should be incontestable after two years does not help the plaintiff.   Under its express terms the policy could be contested for nonpayment of premiums.   There was no evidence to support the allegations of the amended declaration that the defendant, without any consideration, in violation of the contract, required Umans to sign an application.   The contract was made in consideration of the payment in advance of quarterly payments, and the assured asserted in the application that the policy had lapsed and the payment due December 1, 1922, had not been paid.   It was not until March 13, 1923, that the policy was reinstated.   At this time the insured was examined by the medical examiner.   The clause in the policy to the effect that if a premium is not paid when it falls due, "a grace of one month . . . will be allowed," has no application.   The December payment was not made, and the insured by his statement in the application of March 13, 1923, admitted that it had not been paid at that time, which was more than a month after the premium was payable. The requirement of an application for reinstatement was not in violation of the contract.

The allegations that the insured by fraud and misrepresentation was required to sign an application for reinstatement, were not supported by the evidence.   The statements of the husband, made to his wife, were in substance that he was told by Kelly and the medical examiner that the policy had lapsed; that in order to revive it he would have to sign the form presented.   Umans knew the policy had lapsed. The plaintiff's amended declaration alleges that the premium due December first was not paid and that the assured desired to be reinstated.   There was no competent evidence that any fraud or misrepresentation induced the signing of the application for reinstatement.

Judgment is to be entered on the verdict.

*So ordered.*