MURIEL C. HEPNER MAREK and Another, Plaintiffs, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

First Department, May 3, 1935.

*Harry Neyer*, for the plaintiffs.

*Louis W. Dawson* of counsel [*Frederick L. Allen*, attorney], for the defendant.

O'MALLEY, J.   The question presented by this submission is whether on August 4, 1931, policies of life insurance issued by the defendant on which the plaintiffs were beneficiaries were in force and effect by virtue of a grace period.   If so, a tender of past due premiums made on the date mentioned was timely and plaintiffs are entitled to recover.   If not, judgment should be given for the defendant decreeing non-liability on the policies.

The two policies were issued by the defendant, each in the sum of $5,000 and covering the life of one Hepner, on November 3, 1919. A semi-annual premium on each policy fell due May 3, 1931, and was not paid.   Each policy contained a provision for a grace period of thirty-one days for the payment of every premium after the first during which period of grace the insurance was to continue in force. On June 3, 1931, the premium still remained unpaid, but the insured and the defendant entered into a written agreement extending the time for payment.   This agreement provided: " The Undersigned, being the Insured and Assignee, respectively, under Policy No. 2663351-3 issued by the Mutual Life Insurance Company of New York, request the said company to agree and accept payment of the Semi-annual premium of $160.45 & $157.85 due on said policy on the 3rd day of May, 1931 (hereinafter called the due date) and (if interest on any loan on said policy be payable in advance) the balance of interest specified in condition and agreement hereunder numbered 5th, provided the undersigned pay such premium and said balance of interest, if any, within Three months thereafter (hereinafter called the period of extension) *that is, on or before the 3rd day of*

*August, 1931*, together with interest on both at the rate of 6% per annum from said due date." (Italics ours.)

The premiums were not paid on or before August 3, 1931, but tender thereof was made August 4, 1931.

The plaintiffs maintain that under the thirty-one-day grace period in the policies, and in view of the provisions of section 101, subdivision 1, of the Insurance Law, they were in effect, not only to August 3, 1931, but for the grace period of thirty-one days thereafter. The defendant contends that this grace period under the terms of the policies and by virtue of the statute merely covered the period immediately following the due date of the premium.

With this latter contention we agree. The defendant, as was its right, expressly provided in giving the extension to August 3, 1931, that payment within that period would be accepted as covering the semi-annual installments due May 3, 1931, but if not made, the default would be as of the original due date. This was a proper agreement and the import is clear that if payment was not made within the time as extended, the defaults related to the original due date, May 3, 1931. The thirty-one-day grace period only ran from that time. The tender of August 4, 1931, was thereafter not timely made. (*Holly* v. *Metropolitan Life Ins. Co.*, 105 N. Y. 437; *Stewart* v. *Home Life Ins. Co.*, 146 App. Div. 709, 712; *Dreeben* v. *Mutual Life Ins. Co.*, 29 F. [2d] 963.)

It follows, therefore, that judgment should be directed for the defendant, but without costs.

MARTIN, P. J., MERRELL, McAVOY and UNTERMYER, JJ., concur.

Judgment directed in favor of the defendant, without costs.
Settle order on notice.