ELSIE HAND, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, June 11, 1937.

*Peter C. Mann* of counsel [*Alexander & Green*, attorneys], for the appellant.

*Abraham E. Glick*, for the respondent.

O'MALLEY, J. The plaintiff sues as assignee of the beneficiary under a policy of life insurance. The question presented is whether a default occurred by reason of failure to pay a premium on the date set for its payment or at the expiration of the grace period.

After payment of four annual premiums, default was made in the payment of the annual premium for the fifth year, due May 14, 1935. Prior to such time the defendant had advanced to the insured on the security of the policy the sum of seventy dollars, which was equal to its cash surrender value.

As of May 14, 1935, the date set for the payment of the fifth annual premium, there was apportioned to the policy a dividend of $17.65. Under the terms of the policy this gave a right to paid up insurance of $45, entitling the beneficiary to the purchase of extended term insurance in the sum of $4,975 for a term of 157 days.

The insured died October 26, 1935. If the extended term insurance for 157 days commenced May 14, 1935, the date set for the annual premium, there can be no recovery. If, however, this extended term insurance commenced at the end of the period of grace, June 14, 1935, the policy would not have expired until November 17, 1935, subsequent to the death of the insured.

In our opinion the default occurred on the date set for the payment of the annual premium, May 14, 1935, and not at the expiration of the grace period, June 14, 1935.

The policy itself specifically provided: " Failure to pay any premium on or before the day on which it falls due shall constitute a default hereunder. Upon default this policy shall lapse and the insurance herein cease, except as stated in the provisions hereof entitled ' Grace ' and ' Options on Surrender or Lapse.' "

As the contract provided that a default should occur by failure to pay premium on or before the due date, it follows, necessarily, that the default herein occurred on May 14, 1935.

It is settled that a default occurs when a premium is not paid on the due date and that the default is not postponed for the period of grace. The latter merely constitutes a waiver of the default. (*Marek* v. *Mutual Life Insurance Co. of N. Y.*, 244 App. Div. 346 · *Talsky* v. *New York Life Insurance Co.*, Id. 661.)

It follows, therefore, that at the date of the death of the insured, October 26, 1935, the extended term insurance had already expired.

The order and judgment appealed from should be reversed, with costs, and the plaintiff's motion for summary judgment denied, with ten dollars costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.