THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *vs.* WILLARD H. MASON.

Berkshire. September 21, 1937. — July 7, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Cancellation. *Equity Jurisdiction*, Cancellation.

A suit in equity by an insurance company for cancellation of a policy of life insurance, on the grounds that in an application for reinstatement, which the company had approved, the insured had made a statement that the policy had lapsed for nonpayment of a premium and was therefore barred from contending that it had not lapsed, and also had made therein false statements respecting his health which rendered the reinstatement void, could not be maintained where it appeared that the policy never had lapsed.

BILL IN EQUITY, filed in the Superior Court on November 13, 1935.

From decrees entered by order of *Burns*, J., the plaintiff appealed.

*F. M. Myers*, for the plaintiff, submitted a brief.

*H. L. Harrington*, for the defendant.

DONAHUE, J. The plaintiff on September 26, 1931, issued a policy of insurance, in the sum of $5,000, on the life of the defendant. It required the payment of a quarterly premium of $27.15 on the twenty-sixth day of March, June, September and December but also provided a thirty-day period of grace within which the payment of any quarterly premium might be made.

Although the defendant has paid within the time permitted by the terms of the policy every quarterly premium which has become due and the plaintiff has received every such premium, it has brought this bill in equity praying that the policy be ordered surrendered and decreed to be cancelled, void and of no effect.

The case was heard in the Superior Court on the report of a master, which was confirmed by an interlocutory decree. A final decree was entered dismissing the bill with costs.

The quarterly premium which by the terms of the policy came due on September 26, 1933, was not paid on that date. It was, however, paid on or before October 10, 1933, and within the thirty-day period of grace allowed by the terms of the policy. It was paid to an agent of the insurance company who was authorized to receive that payment on its behalf. After October 10, 1933, and about the middle of that month, the agent to whom the September quarterly premium had been paid was discharged by the plaintiff for drunkenness and failing to turn over to the company premiums which he had collected. On October 31, 1933, the delinquent agent turned over to the plaintiff the money which had been paid to him by the defendant on or before October 10, 1933, as the September quarterly premium.

Although the policy was, in fact, in full force and effect on November 2, 1933, the defendant on that day signed an "Application for Reinstatement" of the policy. It con-

tained statements that the policy "was lapsed for non-payment of the premium due Sept. 26, 1933," that the "policy shall not be in force until the Company has formally approved this application and delivered the Company's official premium receipt covering the arrears," that the reinstatement "shall be deemed to be based exclusively upon the representations contained in this application," and that the insured's "statements and answers are correct and wholly true and have been made . . . to induce" the insurance company to reinstate the policy. The application contained answers which were not true to questions respecting the insured's health and any illnesses of the insured or attendance by physicians since the date of the issuance of the policy in 1931. The application also recited that if the company granted a reinstatement it was on the express condition that, if the statements in the application were in any respect untrue, the "Company shall for a period from the date of such reinstatement equal to the number of years stated" in the "Incontestability" clause in the policy "be under no liability by reason of the attempted reinstatement . . . except that the Company shall return to the Insured all premiums paid since the date of such reinstatement." It is not in dispute that the period above referred to was two years. The company approved the application on November 14, 1933. It filed this bill in equity on November 13, 1935.

The plaintiff seeks the equitable relief of cancellation and annulment of the policy which it issued to the defendant. The policy in fact had never lapsed although there had been a "reinstatement," that is, a "contract of revival," *Holden* v. *Metropolitan Life Ins. Co.* 188 Mass. 212, 214, "not a new contract" but one which contemplated a restoration to the insured of the rights created by the policy. *Reidy* v. *John Hancock Mutual Life Ins. Co.* 245 Mass. 373, 376.

The plaintiff asserts that the fact that there has never been a lapse of the policy has no significance. Because of the recitals in the application for reinstatement, including the statement that the policy had lapsed, the plaintiff con-

tends that it is not now open to the defendant to contend that there had been no lapse. At the same time it contends that, because answers of the insured to questions in the application for reinstatement were not true, it is not bound by the agreement of reinstatement. It, in effect, seeks to avoid the agreement reinstating the policy. Reinstatement of the policy was the object of the agreement. It relies, however, on that portion of the reinstatement agreement which states that the policy had lapsed, as creating a bar to the defendant's making the contention that there had never been a lapse of the policy. A party seeking relief may either affirm a transaction or avoid it. He cannot do both. The agreement of reinstatement was an entirety. The plaintiff, while in effect contending for an avoidance of the agreement, cannot at the same time rely on a part of it as preventing reliance by the defendant on the fact that, at no time, had the policy lapsed. *Girouard* v. *Jasper*, 219 Mass. 318, 320. *Carchidi* v. *Kalayjian*, 260 Mass. 120, 122. *United Wool Dyeing & Finishing Co.* v. *Werner & Co. Inc.* 102 N. J. Eq. 322, 324, 325.

The plaintiff, because of the untrue answers by the defendant in the application, would be entitled to have a cancellation of the agreement reinstating the policy. It does not here seek that remedy. We do not think it has shown itself entitled to any other remedy. The effect of the elimination of the agreement of reinstatement by its annulment would be to leave the rights of the parties those given by the policy. If the policy had in fact lapsed, there could be no recovery upon it. If it had not lapsed there is, on the facts shown, no equitable ground for holding that the policy should be cancelled. There has never been any default of the provisions of the policy by the defendant. The plaintiff, two weeks before the application for reinstatement was signed, had discharged for drunkenness, and for the failure to turn over premiums collected, the agent it had authorized to receive on its behalf the premiums which came due under the defendant's policy. Two days before the application was signed the agent paid over to the plaintiff the premium received from the defendant before the

agent's discharge. Disregard by the plaintiff of facts known or ascertainable or misconduct of its agent does not furnish a basis of equitable relief.

The plaintiff relies on what was said in *Baraca* v. *Metropolitan Life Ins. Co.* 257 Mass. 538, 540, and *Umans* v. *New York Life Ins. Co.* 259 Mass. 573, 576. These were not cases where equitable relief was sought. They were actions at law brought by beneficiaries named in policies. In each case it was said that it was not open to the plaintiff to contend that the policy had not lapsed in the "circumstances" appearing. In each there were overdue premiums which were paid to obtain the reinstatement of the policy. A circumstance stated in the first case was that the insured treated the policy as having lapsed. In the second case the declaration contained a count based on the reinstatement agreement. Those cases are not controlling here, where the plaintiff seeks the equitable relief of cancellation of a policy and where there has never been a premium overdue and unpaid, or lapse of the policy for other cause.

*Interlocutory decree affirmed.*
*Final decree affirmed, with costs.*