SAMUEL STRUHL, Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant.

First Department, December 2, 1938.

*Bernard J. McGlinn* of counsel [*Louis .P. Galli* and *William J. Moran* with him on the brief; *Moran, Galli & McGlinn,* attorneys], for the appellant.

*Hyman J. Reit* of counsel [*David Altman* with him on the brief; *Reit & Reit,* attorneys], for the respondent.

COHN, J.   A life insurance policy in the sum of $10,000 was issued to plaintiff by defendant insurance company on December 23, 1924.   Premiums were payable quarterly.   For alleged non-payment of premium, the policy was declared lapsed by the company on February 24, 1934.   This action was instituted on August 28, 1935, to have the policy, which plaintiff alleges was wrongfully and unlawfully declared lapsed, decreed to be in full force and a binding contract upon the defendant.

On December 23, 1933, while the policy was effective, there became due a regular quarterly premium.   Within the grace period allowed for payment, and on January 22, 1934, plaintiff paid the sum of thirty-three dollars and twenty-four cents by check and executed and delivered a promissory note, due February 23, 1934, for the balance, which, inclusive of certain interest charges, amounted to thirty-three dollars and thirty-nine cents.   The note was worded as follows:

" Date January 23, 1934.   One (1) Month After date, Without Grace, I promise to pay to the Order of THE TRAVELERS INSURANCE COMPANY, Hartford, Connecticut, At The Travelers Insurance Company 55 John Street, New York City Thirty-three and 39/100 Dollars, for value received.   This note is given in Part Payment of the Quarterly premium due December 23, 1933 on Life Contract No. 1077299 on the life of Samuel Struhl 179 Canal Street, New York, New York.

" All Claims to further insurance thereunder and all benefits whatever which full payment in cash of said premium would have secured shall be immediately void and forfeited, if this note shall not be paid at maturity, except as otherwise provided in the contract itself.

" Note

" Due Date February 23, 1934   [Signed] Samuel Struhl (Insured.) Interest at the rate of 5-1/2% included in note."

At the trial plaintiff testified that on the due date, February 23, 1934, after five o'clock in the evening, he mailed a check in the sum of thirty-three dollars and thirty-nine cents directed to defendant at 55 John street, New York city, in payment of the note. Evidence was presented by defendant, however, that this remittance was not received until February 26, 1934, and that when it came, it was inclosed in an envelope which bore the following post office mark: "New York, N. Y. Sta. S., February 26, 1934, 1 PM." The check was returned by the insurance company with a suggestion that "If you [plaintiff] wish to apply for reinstatement of this Policy, please communicate with us." Defendant also offered proof that on February 24, 1934, it had notified plaintiff by letter that the date for the payment of the note had expired. Admittedly plaintiff received this communication.

It is not disputed that subsequently and on March 12, 1934, plaintiff signed an application for reinstatement of the policy, and that on three separate occasions thereafter he submitted to medical examinations by defendant's physicians in support of the application for reinstatement. In the printed form of request for reinstatement plaintiff acknowledged that the policy had lapsed for non-payment of premium. Indeed, the form of application which plaintiff admittedly signed was captioned "REQUEST FOR REINSTATEMENT OF LAPSED LIFE CONTRACT." After the completion of the medical examinations and on April 3, 1934, defendant wrote a letter to plaintiff advising him that it would be necessary to postpone further consideration in connection with the reinstatement of the contract for a period of three months. Some ten days later plaintiff wrote the company that he was surprised to learn of the lapse of the policy as he had paid the premium on February 23, 1934.

Upon these facts, we think that judgment should not have been awarded for plaintiff. Upon his own testimony, plaintiff did not tender payment of the promissory note upon its due date, in accordance with the terms of that instrument. The note was due and payable at the Travelers Insurance Company at 55 John street, New York city. To establish a valid tender of payment it was necessary for plaintiff to show that payment was offered at the address stated on the day specified. Though we accept his testimony as true, the check mailed by plaintiff after five o'clock in the evening of February twenty-third, was not a proper tender.

The court will take judicial notice of the fact that the letter mailed after five P. M. on February 23, 1934, would not arrive at its destination until the day after the note had fallen due. Where,

as here, a letter is mailed in the city of New York in the evening of a given day and it is to be delivered to another address in the same city, there is a well-recognized presumption that it will be delivered to the addressee on the following day. (*Dulberg* v. *Equitable Life Assurance Society,* 277 N. Y. 17, 21; *News Syndicate Co.* v. *Gatti P. S. Corp.*, 256 id. 211.)

As plaintiff failed to make a valid tender of payment, he was in default. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 79; 3 Couch on Insurance, §§ 658, 658-a; *Behling* v. *Northwestern Nat. Life Ins. Co.*, 117 Wis. 24; 93 N. W. 800.) In 3 Couch on Insurance, at section 658-a, the author states the law as follows: " And where a note for the premium is payable at a particular place, and the policy stipulates that the contract is terminated by failure to pay any premium note or interest when due, such forfeiture provision is made operative by having the note at the designated place at the proper time for payment, so as to enable assured to pay the same if he desires, and his failure to do so terminates the policy in accordance with its provisions."

By the terms of the note, plaintiff's failure to pay at maturity caused a lapse of the policy as of December 23, 1933, the original due date of the premium; " all benefits whatever which full payment in cash of said premium would have secured " were " immediately void and forfeited " except as otherwise provided in the contract. Such an agreement has been held to be proper, and if payment is not made within the time as extended, the default relates back to the original due date. (*Marek* v. *Mutual Life Ins. Co. of New York*, 244 App. Div. 346, 348.)

Plaintiff's claim that the payment of the note is deemed to have been made at the time of the deposit in the mail of the letter containing the check is without support in law. The cases relied upon (*Primeau* v. *National Life Assn.*, 77 Hun, 418; affd., 144 N. Y. 716; *McCluskey* v. *National Life Assn.*, 77 Hun, 556; affd., 149 N. Y. 616) merely hold that, where by the request or the authority of the insurer a premium payment is sent by mail, the payment is deemed to have been made at the time of its deposit in the mail. There is no proof in the case at bar that defendant expressly or impliedly requested or authorized plaintiff to mail the check in payment of the note on its due day. On the contrary, the note itself specifically provided that it was payable one month after date thereof, January 23, 1934, without grace, at defendant's office.

Moreover, the credible evidence in the case shows that plaintiff did not mail the letter containing the check for payment of the promissory note until February 26, 1934, three days after its due date. This is demonstrated by the United States post office mark

appearing upon the envelope containing the remittance, which the insurance company received on February twenty-seventh.

We think, too, that recovery for plaintiff was precluded by his written application for reinstatement of the policy, wherein he certified that the policy had lapsed for non-payment of premium. By applying for reinstatement, plaintiff agreed with the insurance company that the policy had lapsed. He may not now contend that there was no lapse. Such was the holding of the Court of Appeals in the case of *Teeter* v. *United Life Ins. Assn.* (159 N. Y. 411, 416). (See, also, *Umans* v. *New York Life Ins. Co.*, 259 Mass. 573, 576; 156 N. E. 721.) Plaintiff asserts that if he did execute an application for reinstatement, he did so in the belief that he was merely signing a medical report. However, he admitted receipt of the letter sent to him by the company on February 27, 1934, in which he was advised that the policy might be reinstated upon request, and thereafter he willingly submitted to three physical examinations. What reason, other than that the policy had lapsed and that he was applying for reinstatement, could there have been for these examinations? Plaintiff is bound by the statements contained in his application for reinstatement and he may not now be heard to say that he did not consent to its terms. (*Axelroad* v. *Metropolitan Life Ins. Co.*, 267 N. Y. 437, 438; *White* v. *Idsardi*, 253 App. Div. 96.)

In the *White* case (at p. 100) the apposite rule is tersely stated, as follows: " In the absence of fraud or undue influence, a man is ordinarily bound by an instrument which he signs, even if he never intended to consent to its terms. If he had an opportunity to read it, and failed so to do, he is guilty of gross negligence. If he is unable to read, he is equally careless if he does not have it read to him. In either case the writing binds him. (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159, 162, 163; *Metzger* v. *Ætna Ins. Co.*, 227 id. 411, 415, 416; *Knight* v. *Kitchin*, 237 App. Div. 506, 511; *Johnson* v. *Star Permanent Wave Corp.*, Id. 868.) "

For all of the foregoing reasons, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.