EVA SALZMAN et al., as Administrators of the Estate of MORRIS SALZMAN, Deceased, Appellants, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Judgment affirmed, with costs, on the authority of *Struhl* v. *Travelers Insurance Co.* (255 App. Div. 527, affd. 281 N. Y. 584). All concur, except Taylor, P. J., and Harris, J., who dissent and vote for reversal and for granting a new trial on the ground that the retention and cashing of the check sent the company in April, 1942, and the manner in which the so-called reinstatement application was obtained and filled out, and the failure to prove the sending of the notice required by section 151 of the Insurance Law presented questions of fact. (The judgment dismisses the complaint in an action under a life insurance policy.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

SAMUEL SAPOWITCH, Public Administrator, as Administrator of the Estate of MICHAEL KRAWCZYK, Deceased, Appellant, v. PAULINE ZAJAC, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: While we are not in accord with the official referee's conclusion that under the "Facility of Payment" provision of the policy the interpleaded defendant, Pauline Zajac, is entitled to the proceeds of the policy, we think that she is entitled to a first lien thereon for the amount of the premiums which she paid. (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459.) She testified without contradiction that she procured the policy and paid all the premiums from its inception on March 11, 1918, to the death of the insured on April 28, 1943. This testimony was competent. (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314.) The amount of premiums paid totals $457.10 exclusive of interest. It is undisputed that she paid $560.50 for decedent's funeral expenses. Under the order substituting her as defendant in place of the insurer, the insurer paid into court the sum of $492.58, being the amount due on the policy with interest from date of decedent's death. Under the circumstances, we think that equitable considerations require affirmance of the judgment. In support thereof, we have examined the public records and find that the Public Administrator was appointed on the petition of the Commissioner of Social Welfare of the County of Erie. As the representative of the Erie County Board of Social Welfare, he sought to obtain the proceeds of this policy to reimburse the board for its claim for relief moneys. The county attorney of Erie County represented the commissioner on his application and represents the Public Administrator in this action. Therefore, we conclude that the board and the commissioner are bound by the judgment. All concur. (The judgment is for defendant in an action under a life insurance policy.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

SAM PIZZO, Appellant, v. ELIZABETH W. STOLER, Individually and Doing Business under the Name of STOLER CIGAR STORE, Respondent.— Order affirmed, with $10 costs and disbursements. All concur, except Taylor, P. J., and McCurn, J., who dissent and vote for reversal and for granting production of books and papers pursuant to section 296 of the Civil Practice Act, and for granting the motion for examination before trial, except as to item 8. (The order denies plaintiff's motion for an inspection and discovery of books and records of defendant in an action to recover money alleged to have been wagered with defendant in a claimed illegal book-making establishment operated by defendant.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See *post,* p. 983.]