■ SECURITY MUTUAL LIFE INSURANCE COMPANY et al., Respondents, v. SEYMOUR ARENSTEIN et al., Appellants.— Judgment entered September 11, 1968, herein appealed from, unanimously modified on the law and the facts, so as to vacate so much of the second decretal paragraph as declares Security Mutual Life Insurance Company policy number 447023 to be null and void and to substitute therefor a declaration that such policy be reinstated. As so modified the judgment appealed from is otherwise affirmed, without costs or disbursements to either party. We find and determine that as to policy number 447023 there was a specific request to put into operation the policy provision for Automatic Premium Loans. At the time of such request there was a dividend accumulation of $543, and a loan value in the amount of $359 which total sum was more than sufficient to pay a quarterly premium. The reply to such request was not responsive and perhaps somewhat misleading. This caused the insured to make application for reinstatement when, in fact, it should not have been necessary to do so. The contention of plaintiff that the insured, by making application for reinstatement of the policy, is estopped from now claiming such policy did not lapse is found to be without merit. *Struhl* v. *Travelers Ins. Co.* (255 App. Div. 527, affd. 281 N. Y. 584) upon which plaintiff places some measure of reliance, may be readily distinguished. In that case the primary issue concerned the timeliness of the premium payment, and in the request for reinstatement of the policy plaintiff acknowledged that the policy had lapsed for nonpayment. The promissory note represent-

ing part payment of the quarterly premium payment was not paid on the due date and the court so found upon plaintiff's own testimony. It was against such background the court stated "that recovery for plaintiff was precluded by his written application for reinstatement of the policy, wherein he certified that the policy had lapsed for non-payment of premium. By applying for reinstatement, plaintiff agreed with the insurance company that the policy had lapsed" (p. 531). That is not the situation in the case before us where plaintiff made a specific request which should have resulted in an automatic premium change. Concur — Stevens, P. J., Eager, Capozzoli, Nunez and Steuer, JJ.