**PATRICIA L. HUBSCHMAN, Plaintiff**

**v.**

**MUTUAL INSURANCE COMPANY OF NEW YORK, Defendant**

Civil No. 568-1974

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1974

BAILEY, WOOD & ROSENBERG, ESQS. (FREDERICK D. ROSEN-BERG, of counsel), Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

GRUNERT, STOUT, HYMES & MAYER (JOHN R. MAYER, of counsel), Charlotte Amalie, St. Thomas, V.I., *for defendant*

MICHAEL, *Judge*

OPINION

The above entitled action for Damages, Breach of Contract, came on for a decision by the court on the Pleadings Memoranda of Law and Motions of the parties. The Attor-

neys for the Plaintiff are Bailey, Wood and Rosenberg, and for the Defendant are Grunert, Stout, Hymes and Mayer.

## FINDINGS OF FACT

The court finds that on June 9, 1959, Plaintiff, a resident of St. Thomas, Virgin Islands, entered into a contract with the Defendant, Mutual Insurance Company of New York, licensed to do business in the Virgin Islands, for insurance on the life of Plaintiff's husband, George H. Hubschman, Policy No. 842-18-29, which Defendant admits.

That the contract for insurance contained a provision that in consideration of additional premium charges, a waiver for premiums would take effect on the insured becoming totally disabled, which Defendant admits.

That on June 18, 1971 the insured became totally disabled, as shown by Plaintiff's Exhibit No. 1, attached to Plaintiff's Memorandum of Law filed October 10, 1974, which Exhibit the court admitted and believes the disability alleged therein to be true, but which the Defendant denies by reason of "lack of knowledge sufficient to form a belief concerning the same."

That the premium due on June 9, 1971 was paid on June 23, 1971, which Defendant admits.

That paragraph 7 of the Plaintiff's complaint is admitted by the Defendant, which states as follows:

"That, according to the provisions of the "Waiver of Premium" clause of the aforementioned contract of insurance, ". . . and refund each premium paid which became due during such total disability." As evidenced by the copy of the contract for insurance attached hereto;"

That demand of refund of the premium mentioned above was made by Plaintiff and refused by Defendant, is admitted by the Defendant.

## DISCUSSION

It appears from the pleadings and Memoranda of Law

submitted by the parties, the only question before the court is whether the premium which became due on June 9, 1971, but was paid on June 23, 1971 and accepted by the Defendant after the insured became totally and permanently disabled on June 18, 1971, was timely under the contract of insurance.

It is the position of the Plaintiff that under the "Waiver of Premium" clause, the payment was timely, and relies upon the following provision of the Policy:

"And while no premium is in default beyond the grace period, the Company will, during the continuance of such total disability, waive payment of each Premium on this Policy which becomes due during such total disability and refund each premium paid which became due during such total disability. . . ."

The Plaintiff also cites the following subsection:

"Benefit if Premium is in Default—If such written notice and such due proof of total and permanent disability are received by the Company in compliance with the above provisions and while any premium is in default beyond the grace period and if the due date of the premium first in default was not more than 12 months before receipt at the Home Office of such written notice, the waiver of premiums on this Policy will be allowed as if no premium were in default and this Policy will be reinstated, provided total disability began either (a) on or before the due date of the premium first in default or (b) within 31 days after such due date."

The Defendant in its Memorandum of Law in opposition to the Plaintiff's Motion for Judgment on the Pleadings, claims that the above subsection is "inapplicable", it having reference to cases where premiums are in default "beyond the grace period," with which this court is in agreement. However, the court believes that the citing of the sub-paragraph by the Plaintiff is to bolster his position with reference to the interpretation given the preceding paragraph by the Defendant.

While the Defendant admits that payment of the premium which became due on June 9, 1971 was paid on June 23, 1971 during the grace period, the position is taken that "Although the premium in question was paid on June 23, 1971, allegedly during the period of disability, it became due on June 9, 1971, 9 days prior to the commencement of the alleged period of disability, and for that reason it has not been waived under the terms of the policy."

In apprehension that the court may misconstrue the effect of the "31-day period of grace", the Defendant expresses himself thuswise:

"Lest the effect of the 31-day period of grace be misconstrued, the Court is reminded of the well-established interpretation of such provision:

". . . a default in the payment of premiums occurs on the date when the premiums falls due and is not paid.

"The grace period is merely a waiver of the consequences of the default for 31 days. It does not alter the due date." Hand v. Equitable Life Assurance Society of the United States, 251 App. Div. 321, 296 N.Y.S. 543 (First Department 1937). 230 F.Supp. at 332."

Although the above may be the law in New York, it is not the law of the Virgin Islands where the insurance contract was entered into.

Title 22 sec. 820 of the Virgin Islands Code provides:

"(a) No insurance contract delivered or issued for in this territory and covering subjects located, resident, or to be performed in this territory, shall contain any condition, stipulation, or agreement which—

(1) requires it to be construed according to the laws of any other territory, state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other territory, state or country;"

Sec. 964 provides that:

"No annuity or pure endowment contract, other than reversionary annuities, or survivorship annuities, or group annuities, shall be delivered or issued for delivery in this territory unless it contains

11

in substance each of the provisions specified in sections 965–971, inclusive, of this title."

### Sec. 965, Annuities; grace period, provides:

"In such contract, there shall be a provision that there shall be a period of grace of one month, *but not less than 30 days,* within which any stipulated payment to the insurer falling due after the first may be made, subject at the option of the insurer, to an interest charge thereon at a rate to be specified in the contract but not exceeding 6 percent per annum for the number of days of grace elapsing before such payment, *during which period of grace the contract shall continue in full force;* but in case a claim arises under the contract on account of death prior to expiration of the period of grace before the overdue payment to the insurer of the deferred payments of the current contract year, if any, are made, the amount of such payments, with interest on any overdue payments, may be deducted from any amount payable under the contract settlement."

By the above provisions, it is mandatory to do insurance business in this territory of the type in which Defendant is engaged, he has to comply with the above-quoted sections, including the provision that the insured is entitled to a grace period of not less than 30 days. See National Life Co. v. McKelvey et al., 88 S.W.2d 1061, Oct. 18, 1935. Rehearing Denied Nov. 22, 1935.

### CONCLUSIONS OF LAW

From the above Findings, the court concludes as a matter of law that the defendant, a New York Insurance Company licensed to do business in the Virgin Islands, is legally bound to follow the insurance laws of the Territory. Consequently, the Plaintiff is entitled to the benefit of the amount due under the contract of insurance, after deducting interest charge at a rate, if any, specified in the contract, as cited above.

Let Judgment be drawn accordingly, with costs and an attorney's fee of $325.00.