Welsh, J.
Plaintiff, who appears pro se, claims that the defendants breached their contract by failing to pay her $13,783. She also alleges she was ill at the time the contract was negotiated and executed, and that she entered into the contract while under duress. She alleges one defendant wrongfully withheld the money due her despite numerous attempts on her part to get them to fulfill their obligation to her. The plaintiff initially asserted a claim for unfair or deceptive acts or practices, but has abandoned this aspect of her claim.
Plaintiff appeals the granting of defendant’s motion to dismiss for failure to state a claim upon which relief may be granted. Mass. R. Civ. P., Rule 12(b)(6), 365 Mass. 754 (1974). The last sentence of Mass. R. Civ. P., Rule 52(a), makes it clear findings are not required in deciding such a motion. DiLuzio v. United Elec. Radio & Machine Workers Of America, Local 274, 391 Mass. 211, 217 (1984).
Some observations are in order. The complaint is inartfully drawn, contains irrelevant and unnecessary material, is replete with invective, and is confusing *186 and perhaps inconsistent as to what sort of relief plaintiff is seeking. Normally, if duress is shown, the contract may be avoided at the election of the party subject to duress. Duress would negate the element of a “meeting of the minds” and would result in the court affording a remedy by way of restitution of any value or benefit given up by way of the involuntary imposition upon the party seeking restitution. To avoid a contract on the grounds of duress, the plaintiff is required to show at trial that the conduct by the other party caused her to enter into the contract “under the influence of such fear as precludes [her] from exercising free will and judgment.” Avallone v. Elizabeth Arden Sales Corp., 344 Mass. 556, 561 (1962), cited in Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 22 (1983). Duress, to have legal significance, must arise from wrongful or oppressive acts by persons for whose conduct the defendants are legally responsible. International Underwater Contractors, Inc. v. New England Tel. & Tel. Co., 8 Mass. App. Ct. 340, 342 (1979).
The confusion arises because the plaintiff seems to demand damages for alleged breach of contract, while at the same time seeks to avoid the contract and to be placed in status quo ante. Clearly, the plaintiff cannot obtain enforcement of the contract and simultaneously avoid it on the grounds of duress. See Prudential Ins. Co. v. Mason, 301 Mass. 82, 85 (1938), and cases cited. While recovery may not be granted on both theories, relief in the alternative may be demanded in the complaint. Mass. R. Civ. P., Rule 8(e)(2), 365 Mass. 749 (1974); Linthicum v. Archambault, 379 Mass. 381, 386 (1979). Pleadings need not be based upon a specific theory of recovery. Nader v. Citron, 372 Mass. 96, 104 (1977).
While perhaps not necessary to decide the issue presented, a word is in order relative to what remedies a party has when confronted by a pleading that is confusing, prolix or replete with scurrilous or unnecessary materials. If a complaint is so vague or ambiguous that the defendant cannot reasonably be expected to craft an answer, a motion under Rule 12(e), Mass. R. Civ. P., is a vehicle to get a more definite statement. See Feeney v. City of Boston, 13 Mass. App. Ct. 1004 (1982). If the pleading is prolix and encumbered by irrelevant or inappropriate material, a motion to strike may be in order. A wise practical choice open to the motion judge is to dismiss an opaque complaint conditionally and allow the pleader 30 days to file a revised complaint. J.W. SMITH & H. B. ZOBEL, RULES PRACTICE, 6 M.P.S., 2004 Pocket Part §12.19 n.114.
Even by the generous standards of notice pleading, the complaint is murky. But the test on a motion to dismiss under Mass. R. Civ. R, Rule 12(b) (6), 365 Mass. 755 (1974) is that the moving party must establish beyond doubt that there is no set of facts which the plaintiff could show that would entitle her to relief. Nader, supra at 98. We are constrained, therefore, to reverse the judgment of dismissal. Whether the complaint properly restated could survive a well-supported motion for summary judgment is beyond the scope of the appeal. See Epstein v. Liberty Bank & Trust Co., 12 Mass. App. Ct. 1000 (1981).
Judgment of dismissal reversed.
So ordered.