Williams, PJ.
After leaving their jobs as administrative medical assistants, plaintiffs Ellen Spears (“Spears”) and Leslie Gabriel (“Gabriel”) brought suit against their former employers, Ronald Miller, M.D. and Crown Medical Group, P.C. (together, “Miller”) in 2006 to recover unpaid overtime wages. Miller moved to dismiss the complaint as time-barred. The motion judge allowed Miller’s motion on the basis that the statute of limitations, G.L.c. 151, §20A, applicable to the plaintiffs’ employment-wage claim limited the time in which to bring suit to two years. Given the low threshold a plaintiff must meet to survive a Mass. R. Civ. R, Rule 12(b) (6) motion, we reverse as to Spears’ and Gabriel’s breach of contract claim, but affirm as to their claims for unjust enrichment and for breach of the implied covenant of good faith and fair dealing.
Spears was employed by Miller from May, 1997 until April, 2005; Gabriel was so employed from May, 1999 until March, 2004. Their complaint, filed on January 18, 2006, set forth three theories of recovery: breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. These common law claims have six-year limitations periods. G.L.c. 260, §2. The basis of *152 the complaint was Miller’s alleged failure to pay the plaintiffs overtime wages from the beginning of employment through 2002. As Spears and Gabriel concede, their complaint was filed more than three years after Miller’s last alleged breach. They argue, however, that because their claims are not G.L.c. 151 employment claims, which have a two-year statute of limitations, but rather common law claims with a six-year limitations period, their complaint was timely filed.[4]
Chapter 151, the Massachusetts statute “comparable” to the Federal Fair Labor Standards Act, 29 U.S.C. §255, see Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 215 (D. Mass. 2004), constituted the minimum fair wage law. G.L.c. 151, §22. Specifically, G.L.c. 151, §§1A and IB mandate that, with certain exceptions irrelevant here, employees who work more than 40 hours in a given work week must be paid at least time-and-a-half for those overtime hours. See, generally, Goodrow v. Lane Bryant, Inc., 432 Mass. 165, 174-175 (2000). Section IB sets out various penalties for an employer’s violation of §1A, including treble damages and attorney’s fees.[5] Although Spears’ and Gabriel’s complaint alluded to “legally mandated overtime pay” and to Miller’s failure to pay overtime as “a violation of state law and [the] federal Fair Labor Standards Act,” they argue it is “the fact of nonpayment of overtime wages” and “not the illegality of the conduct” that underlies their theories of recovery.
The language of G.Lc. 151, §20A, the “limitations period” section of the chapter, differs from language customarily encountered in statutes of limitation. Section 20A states that “[t]he provisions of this chapter shall not be applicable to any cause of action accruing more than two years prior to the date of filing in court of a ... civil action.” That language is not, for instance, the unequivocal verbiage of the “comparable” federal statute, see Mogilevsky, supra, at 215, which bluntly “forever bar [s]” actions brought after two years.[6] By its own terms, §20A appears to time-bar only those actions based on a violation of the statute; that is, those seeking treble damages and attorney’s fees. As the language of §20A suggests, those provisions do not apply in actions to recover overtime wages when a plaintiff refrains from rolling out the treble-damages-plus-attorney’s-fees artillery provided in §1B of the statute, and where she does not allege common law claims such as breach of contract
In Mogilevsky v. Bally Total Fitness Corp., supra, the Federal District Court declined in a bench trial to find that guidelines in an employee handbook (which itself disclaimed that it was intended to form a separate contract) constituted a contract. Id. at 167. The Court thus ruled that such a document did not give rise to a breach of contract claim apart from the cause of action set out in the federal and statute statutes. Id. In so doing, that Court, which did not consider the issue in the context of a motion to dismiss, implicitly recognized at least the possibility of a viable common law claim existing apart from the statutorily created claim. Further, *153 when our Legislature intends to make a statutory remedy exclusive, it has done so by explicit language.[7] Such language is conspicuously absent from G.L.c. 151, §§1A and IB. See Lowry v. Klemm, 446 Mass. 572, 579-580 (2006) (exclusivity provisions of G.Lc. 151B, §9 and c. 214, §1C prohibit plaintiffs from framing sexual harassment as violation of other statutes or as common law claim); King v. Driscoll, 418 Mass. 576, 584 n.7 (1994) (G.L.c. 151, §9(1) provides that statutory redress for employment termination in violation of public policy is exclusive). This Division is not inclined to read G.L.c. 151, §§1A and IB as preempting all common law claims for unpaid overtime wages without a clear mandate from the Legislature to do so.
The burden for a plaintiff’s defeating a Mass. R Civ. E, Rule 12(b) (6) is “minimal.” Richards v. Arteva Specialties S.A.R.L., 66 Mass. App. Ct. 726, 730 (2006), citing, interalia, Ciardi v. F. Hoffman-LaRoche, 436 Mass. 53, 55 (2002). More picturesquely, a complaint survives if it limns “the bare silhouette” of a claim. Stevens v. Nagel, 64 Mass. App. Ct. 136, 140 (2005). “[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief [emphasis supplied].” Richards, supra, at 730, quoting Nader v. Citron, 372 Mass. 96, 98 (1977). See also, e.g., Gasior v. Massachusetts Gen. Hosp., 446 Mass. 645, 647 (2006). Furthermore, the court takes as true the allegations of the complaint, as well as inferences drawn from them, in the plaintiff’s favor. Id. Additionally, a complaint withstands a motion to dismiss if it appears a plaintiff might be entitled to any form of relief, even though the particular relief demanded and the theory underlying it do not appear compatible with each other or with an applicable statute. Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College, 413 Mass. 66, 71 (1992). Of particular relevance here is the notion that “indulgent reading of the complaint... includes] indulgence for the period of limitations.” Quinn v. Walsh, 49 Mass. App. Ct. 696, 699 (2000). Even a complaint satisfying these liberal standards could, of course, face dismissal for having been untimely filed. See, e.g., Ellis and Ellis v. Demers, 2004 Mass. App. Div. 7, 8. Such reasoning probably underlay the allowance of Miller’s motion in this case.
Spears’ and Gabriel’s complaint was silent as to their precise employment arrangements, averring only that Miller employed them. That allegation signifies that they were at least at-will employees. See Gasior v. Massachusetts Gen. Hosp., supra, at 650. Although every at-will employment relationship might not itself constitute a form of contract, such a relationship does contain implied terms, the breach of which is actionable. Id. More to the point, Spears and Gabriel allege in their breach of contract counts that Miller “agreed to pay” them ‘legally mandated overtime pay.” Although such language refers to federal and state statutes, the core of this allegation is that Miller agreed to pay overtime; that is, that Miller specifically contracted with Spears and Miller as to that issue.[8] *154 We are, therefore, constrained to reverse the dismissal of that count Whether it could survive a well-supported motion for summary judgment is, of course, beyond the scope of this appeal. See Handy v. Kraft, 2004 Mass. App. Div. 185, 186.
While Spears’ and Gabriel’s common law breach of contract claim is resuscitated, at least for now, we affirm the motion judge’s dismissal of their unjust enrichment claim. Although the only ground Miller raised for the dismissal of Spears’ and Gabriel’s complaint was the time bar, this Division may affirm the dismissal on any ground apparent on the record that supports the result reached in the trial court. Lopes v. Commonwealth, 442 Mass. 170, 181 (2004). When an adequate remedy at law exists, a plaintiff may not pursue a claim of unjust enrichment. Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005), citing, inter alia, Popponesset Beach Ass’n, Inc. v. Marchillo, 39 Mass. App. Ct. 586, 593 (1996). Even if the limitations period for the legal remedy has expired, an unjust enrichment claim is unavailable to a plaintiff. See United States v. Buckley, 2005 WL164287, *1 (D. Mass.).[9] Thus, whether or not Spears’ and Gabriel’s breach of contract claim had survived the motion to dismiss, their unjust enrichment claim would not.
Finally, Spears’ and Gabriel’s claim that Miller breached the implied covenant of good faith and fair dealing must fail, even apart from the preclusive effect of the statutory remedies. Although courts have recognized such an implied covenant in an at-will employment relationship, that recognition has been limited to cases in which an employer has terminated an employee in bad faith or without good cause. Ayash v. Dana Farber Cancer Inst., 443 Mass. 367, 385-386 (2005) and cases cited. See also York v. Zurich Scudder Investments, Inc., 66 Mass. App. Ct. 610, 615-617 (2006). Miller did not terminate Spears’ and Gabriel’s employment; they left his employ of their own accord. Thus, the complaint count for breach of the implied covenant would not survive dismissal for failure to state a claim even were it not statutorily barred.
In summary, we reverse the dismissal of the plaintiffs’ breach of contract count, and return that claim for further proceedings. We affirm the trial court’s dismissal of the remaining counts for unjust enrichment and for breach of the implied covenant of good faith and fair dealing.
So ordered.

 Spears and Gabriel have not raised a claim for non-payment of wages under G.Lc. 149, §148, which is subject to a three-year statute of limitations. G.Lc. 149, §150.

 Section IB provides that anyone paid less than the mandated overtime compensation rate “may recover in a civil action three times the full amount of such overtime rate of compensation less any amount actually paid to... her by the employer, together with costs and such reasonable attorney’s fees as may be allowed by the court....”

 The Federal statute allows for the commencement of the action “within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.” 29 U.S.C. §255(a). See, e.g., Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, 51 (D. Mass. 2006); Harris v. City of Boston, 312 F. Supp. 2d 108, 116 (D. Mass. 2004).

 See, e.g., the Workers’ Compensation Act, G.Lc. 152, §24; the Unlawful Discrimination in Employment Act, G.L.c. 151B, §9; and the Massachusetts Tort Claims Act, G.L.c. 258, §2.

 At oral argument, counsel for Spears and Gabriel conceded that evidence of actual discussion between Miller on the one hand and Spears and Gabriel on the other concerning overtime pay might prove elusive. We do not reach the questions of whether such comments attained the dignity of judicial admissions and, if so, what their effect would be. See, e.g., White v. Peabody Constr. Co., 386 Mass. 121, 126 (1982); Turners Falls Ltd. Partnership v. Board of Assessors of Montague, 54 Mass. App. Ct. 732, 737 (2002). In any event the likelihood of the plaintiffs’ success on their breach of contract theory is not the standard; this Division is constrained to consider the trial courts ruling on the Rule 12(b) (6) motion on the basis of what was alleged in the complaint ‘We do not purport to make a determination whether the facts alleged... are credible or susceptible of proof at trial.” The Gen'l Convention of the New Jerusalem In The United States of America, Inc. v. MacKenzie, 66 Mass. App. Ct. 836, 837 (20006).

 United States v. Buckley, Civil Action No. 00-11632-RWZ, January 25, 2005.