Singh, J.
Plaintiff Frank Fodera, Sr. (“Fodera”) was sued in Superior Court for actions taken while he was a trustee for a condominium. As a result, he sought legal defense from defendant Arbella Protection Insurance Company (“Arbella”), pursuant to a directors and officers (“D&O”) rider in an insurance policy issued to the condominium. After being denied such defense, Fodera brought an action in District Court for breach of contract, seeking damages for legal fees incurred in the superior court action, $10,750.00, by the time of the filing of the complaint. He also sought a judicial declaration that, under the insurance policy, Arbella had a duty to defend and indemnity him with respect to the superior court action. Finally, he alleged unfair and deceptive acts and practices. Arbella moved to dismiss the action on the basis that the complaint sought recovery in excess of $25,000.00, beyond the procedural amount of the District Court.[1] Specifically, Arbella claimed that the amount in controversy was in excess of $2 million. The judge dismissed the action, and Fodera now appeals.
As an initial matter, the judge dismissed the case for reasons other than that raised by Arbella. Specifically, the judge dismissed the case based on lack of subject matter jurisdiction on the theory that Fodera was seeking purely equitable relief. The parties agree, and the record bears out, that Fodera was, in fact, seeking monetary damages arising out of an alleged breach of contract, in addition to declaratory judgment related to that contract.[2] As such, the parties agree that the court had subject matter jurisdiction. See G.L.c. 218, §19C (District Court has authority to issue declaratory judgments in connection with civil actions for money damages). Therefore, we examine the record to determine whether there is any other ground upon which to affirm *183 the dismissal. See Spears v. Miller, 2006 Mass. App. Div. 151, 154 (2006), citing Lopes v. Commonwealth, 442 Mass. 170, 181 (2004) (appellate court may affirm dismissal on any ground apparent on record that supports result reached by trial court).
Arbella contends that the dismissal may be affirmed on the ground that it raised before the trial court — that the amount in controversy exceeds the $25,000.00 procedural amount of the District Court. Although both the statement of damages and the complaint itself recited only a $10,750.00 damages figure, Arbella claimed that the true damages figure was in excess of $2 million. In support of this claim, Arbella argued that Fodera’s request for declaratory judgment as to duty to defend and indemnification made the amount in controversy Arbella’s potential exposure in the underlying superior court lawsuit — the $2 million policy limit, plus litigation costs. In opposition, Fodera argued that the superior court lawsuit was still ongoing, so the question of liability had yet to be determined; as such, indemnity was by no means a reasonable likelihood.[3] He also argued that the district court lawsuit sought only the recovery of actual damages accrued, attorney’s fees in the amount of $10,750.00. Although the judge made no finding on this issue, we determine that Arbella’s motion to dismiss based on improper procedural amount should have been denied.[4]
With respect to the proper procedural amount, a civil action for money damages may proceed in District Court “only if there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000” (emphasis in original). Sperounes v. Farese, 449 Mass. 800, 803 (2007), citing G.L.c. 218, §19. Fodera’s request for a declaration regarding Arbella’s duty to defend and indemnify could well give Arbella exposure to liability in excess of $2 million in the superior court lawsuit; however, Fodéra’s recovery in the district court lawsuit would be only the attorney’s fees incurred by him. There was no evidence presented to the motion judge of any reasonable likelihood that the attorney’s fees would exceed $25,000.00.
On appeal, Arbella attempts to buttress its argument with case law interpreting the “amount in controversy” provision relating to diversity jurisdiction of the Federal District Court. See 28 U.S.C. §1332. The statute dealing with the proper procedural amount for State District Court, however, does not refer to “amount in controversy.” See G.L.c. 218, §19. Rather, G.L.c. 218, §19, deals with the amount that constitutes “recovery by the plaintiff.” Here, Fodera seeks to recover only attorney’s fees.[5] Although Fodera also seeks a declaration that Arbella has a duty to defend *184 and indemnify, any such declaration would not result in any additional recovery to Fodera within the context of this lawsuit Arbella made no other challenge to the procedural amount or to the sufficiency of the complaint As such, the record reflects no other basis to uphold the dismissal of the case.
Accordingly, the judgment for the defendant is vacated, the allowance of the defendant’s motion to dismiss is reversed, and the case is returned to the Woburn District Court for further proceedings.

 In its motion, Arbella cited Mass. R. Civ. P., Rule 12(b) (1) (lack of subject matter jurisdiction) and Rule 12(b) (6) (failure to state claim upon which relief can be granted) , rather than Rule 12 (b) (10) (improper amount of damages in District Court). The only ground argued, however, was improper amount of damages.

 The statement of damages, filed pursuant to G.L.c. 218, §19A(a), as well as the complaint, itself, indicate that Fodera was seeking money damages in the amount of $10,750.00 in attorney’s fees incurred as a result of Arbella’s breach of contract.

 Fodera also made reference to a pending motion to dismiss in the Superior Court due to the condominium association’s failure to get the requisite votes to authorize the lawsuit.

 Because the parties fully briefed the procedural amount issue, and the outcome depends on a legal determination based on undisputed documentary evidence, we are in as good a position as the motion judge to decide the issue. See Commonwealth v. Clark, 472 Mass. 120, 130 (2015) (where issue to be determined did not require trial judge to make credibility determination or consider relative weight of evidence, but rather depended on documentary evidence, Court decided issue on appeal).

 Fodera may also recover multiple damages under his G.L.c. 93A claim; however, single damages control for purposes of the procedural amount calculation. See G.L.c. 218, §19.