MATTHEW C. CORSICK vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 16, 17, 1914. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Practice, Civil,* Exceptions, Conduct of trial: judge's charge.   *Evidence,* Contradicting one's own witness.   *Witness,* Contradiction.

In an action of tort for personal injuries, the bill of exceptions occupied one hundred and ninety-four pages of the printed record, of which one hundred and thirty pages contained testimony set forth in the form of questions and answers and *it was said* by SHELDON, J., that the exceptions ought not to have been presented by counsel nor allowed by the judge in that form.

In an action against a street railway company by a motorman for personal injuries received while in its employ in a collision between a street car which the plaintiff was operating and another street car in front of it, the declaration and specifications filed by the plaintiff stated as the negligence of the defendant on which the plaintiff relied, "that the defendant furnished him with an electric car equipped with appliances for controlling and stopping said car which were unsafe, defective and out of repair, rendering it impossible properly to control and to stop said car," and the case was tried on the understanding that the only portion of the car which the plaintiff contended was defective was the braking appliance.   The judge charged the jury, subject to exceptions of the defendant, that, if the plaintiff was running the car in the proper way in every respect, and if he undertook to put on the air brake under conditions such as would naturally, if the brake had been in proper order, have made the brake work, and if, all other conditions being what they should have been, the car failed to respond to the brake as it naturally should have responded, then there was some evidence of a defect in the car.   *Held,* that the exceptions must be sustained, because the instructions permitted the jury to find that the car was defective in some part other than the braking appliance and to find that such defect prevented the brake from working and was the cause of the plaintiff's injuries.

Where a conductor of a street railway company, called to testify for the plaintiff in an action for personal injuries, is asked whether he had made any report about a certain car, or whether he had reported that "the car was no good," and answers that he does not remember, the plaintiff cannot introduce in evidence under R. L. c. 175, § 24, for the purpose of contradicting him, evidence tending to show that he had made such a report, or that on a previous occasion he had stated that he had made such a report, such evidence not tending to show that his statement of his lack of memory on the subject was false.

TORT for personal injuries, received while the plaintiff was in the employ of the defendant as a motorman and caused by a

collision of a street car which the plaintiff was operating with a car which was standing in the Atlantic Avenue station of the East Boston tunnel. Writ dated July 15, 1907.

In the Superior Court the case was tried before *Dana,* J. Material facts relating to the pleadings, the evidence and the instructions to the jury are stated in the opinion.

The witness Gerring, mentioned in the opinion, it appeared, had been a conductor in the defendant's employ in charge of the car on which the plaintiff was injured on its trip immediately preceding the trip upon which the collision occurred. The questions to Gerring as to his previous statement and the testimony of Williams, mentioned in the opinion, on the same subject, were admitted in evidence subject to the defendant's exceptions.

The jury found for the plaintiff in the sum of $5,000, which under an order of the judge afterwards was reduced to $4,000. The defendant alleged exceptions.

The bill of exceptions occupied one hundred and ninety-four pages of the printed record, of which one hundred and seventy-two pages contained a statement of the evidence, at least one hundred and thirty pages being in the form of questions and answers.

*W. G. Thompson,* (*G. E. Mears* with him,) for the defendant.

*W. I. Badger,* (*W. H. Hitchcock* with him,) for the plaintiff.

SHELDON, J. These exceptions ought not to have been presented by counsel nor allowed by a judge in the form in which they come before us. *Romana* v. *Boston Elevated Railway, ante,* 76.

We do not attempt to make any statement of the case. The judge rightly ruled that the issues were for the jury. It could be found that the accident was caused by a defect in the brakes of the car or the apparatus connected therewith, and not by any negligence of the plaintiff, or by any unjustifiable violation on his part of the rules put in evidence by the defendant. It could be found also that this defect was due to the negligence of the defendant. The jury had a right to return a verdict against the defendant. Whether this was in accordance with the weight of the evidence is not for us to consider. The general instructions given were sufficiently favorable to the defendant.

But the judge instructed the jury that if the plaintiff was run-

ning the car in the proper way in every respect, and if he undertook to put on the air brake under conditions such as would naturally, if the brake had been in proper order, have made the brake work, and if, all other conditions being what they should have been, the car failed to respond to the brake as it naturally should have responded, then there was some evidence of a defect in the car.

The plaintiff had filed specifications of his claims, and had specified as the negligence of the defendant on which he relied under each of his counts "that the defendant had furnished him with an electric car equipped with appliances for controlling and stopping said car which were unsafe, defective and out of repair, rendering it impossible properly to control and to stop said car." His further specifications, that he intended to rely on the negligence of the defendant's superintendent, the person acting as superintendent and the starter, added nothing to the statement of the kind of negligence relied on. At the close of the evidence, his counsel said to the judge, "We stake our case upon the plaintiff being furnished with a defective car which was out of order and they knew was out of order, and improper to run." Then the judge said, "The portion of the car that is alleged to be defective is not any part except the brake as I understand it, that would include fairly the brake shoes, the appliances for stopping the car, — include the hand brake and the air brake and the shoes and anything connected with the instrumentality used to stop the car." To this the plaintiff's counsel assented, saying, "I drew it [the specification] broadly so it would cover everything in that line." And throughout the trial the plaintiff relied upon a stated defect in the brakes, that the brake shoes at one end of the car had become so worn away that they were incapable of exercising proper control over the car or of stopping it with sufficient promptness. But under the instruction given the jury were permitted to find that if this were not so, yet if the plaintiff was managing the car properly and if the rails were in proper condition there was a defect in the car because it failed to respond to the brakes as it naturally would have done. And in substance this was repeated later to the jury.

We cannot say that upon the evidence the jury may not have found that the specific defect which we have stated was not proved to have existed or to have caused the accident. In that event

their verdict may have been rested upon a finding that the car failed to respond properly to the brakes, that this indicated some defect in the car outside of the brakes, which, though unascertained by the evidence, the defendant ought to have discovered and remedied, and that the other requisites stated by the judge were proved. If this is so, there has been a mistrial; and the defendant's exceptions must be sustained.

We find only one point that requires discussion in the exceptions relating to evidence. This relates to the examination by the plaintiff of his witness Gerring, and the testimony of Williams upon the same subject. The plaintiff had a right to prove that Gerring had at another time made statements that were inconsistent with his testimony given at the trial, by which the plaintiff claimed to have been surprised, if he first mentioned to the witness the circumstances of such inconsistent statements and asked the witness if he had made them, and if so, allowed the witness to explain them. R. L. c. 175, § 24. But the statements about which Gerring was asked were not inconsistent with his testimony. He had testified that he did not remember whether he had made any report about the car, or whether he had reported that "the car was no good." Evidence of his statements that he had made such a report was not inconsistent with his alleged failure of memory. That is settled by our decisions. *Commonwealth* v. *Welsh,* 4 Gray, 535. *Cumberland Glass Manuf. Co.* v. *Atteaux,* 199 Mass. 426, 432, 433. There is nothing inconsistent with this in *Foster* v. *Worthing,* 146 Mass. 607, or *Liddle* v. *Old Lowell National Bank,* 158 Mass. 15. For the same reason the testimony of Williams that Gerring upon a previous occasion had stated that he had made such a report was incompetent. All this testimony was highly prejudicial to the defendant, and the defendant's exceptions to its admission must be sustained.

We find no other error at the trial than what we have stated.

*Exceptions sustained.*