WALTER NOVASH *vs.* CROMPTON AND KNOWLES LOOM WORKS.

Worcester.   September 25, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Employer's liability: dangerous place, assumption of risk. *Practice, Civil,* Variance.

A finding that an injury, sustained by an employee when he fell on an oily floor in his employer's building, was caused by negligence for which the employer, not insured under the workmen's compensation act, was liable, was warranted by evidence that the employee reported to the foreman shortly after he went to work the presence of oil on the floor not covered by sawdust, that the foreman stated that he would take care of that and directed the plaintiff to "go on . . . and work," that neither the foreman nor another employee, whose duty it was to see that oil on the floor was kept covered with sawdust from an available supply, caused sawdust to be applied, and that the first employee slipped on the oil more than two hours and a half after he made such report.

Specifications, filed in an action of tort for personal injuries sustained from slipping on oil on a floor, that the floor was dangerous because covered with oil and that the defendant took no action to remedy the

condition, justified introduction of and reliance on evidence of negligence in not covering the oil with sawdust.

No finding was required as a matter of law that an employee, when he accepted employment in a building whose floors, he then observed, were at all times covered by sawdust, assumed as a term of his employment the risk of falling on oil which later negligently had been left uncovered by sawdust.

TORT. Writ in the Superior Court dated November 5, 1934.

Before *Broadhurst*, J., a verdict was returned for the plaintiff in the sum of $2,303.

*G. B. Rowell*, for the defendant.

*Nunziato Fusaro*, for the plaintiff.

RONAN, J. The plaintiff for four months previous to his accident, which occurred on November 1, 1933, had been employed by the defendant as an oil extractor. It was his duty to remove the shavings, chips, filings and other waste that resulted from the operation of certain machines. These machines used oil as a cutting lubricant, and a stream of oil was applied to the cutting tool which was a part of each machine. The machines were equipped with certain guards and splash pans to prevent the oil from going onto the wooden block floor. There was considerable oil used in the department in which the plaintiff was employed and some spraying of oil from the machines. It was a part of the plaintiff's work to shovel the waste from where it was deposited in the base of the machine. It was immersed in oil and was shoveled into a pan with holes in the bottom which permitted the oil to drip into a pail upon which the pan rested. The pan was left upon the pail a sufficient time to permit the oil to drain from the waste, and was then put upon a truck with other pans and brought to the oil extractor. While lifting one of these pans to the truck the plaintiff's foot slipped on account of some oil which was upon the floor and he was injured. The jury found for the plaintiff. The case is here on the defendant's exceptions to the denial of its motion for a directed verdict, to the refusal of the judge to grant certain requests for rulings, and to portions of the charge.

There was evidence that the plaintiff, who was employed

on the "night shift," one half hour after he commenced work at three o'clock in the afternoon reported to the foreman that there was oil upon the floor in one of the aisles between the rows of machines and that the oil was not covered with sawdust; that he was told by the foreman that he would take care of that and for the plaintiff to "go on your job and work"; that later on, between six and seven o'clock on that afternoon, while working in this aisle in the performance of his duties, the plaintiff slipped on the oil, which had not been covered with sawdust, and received the injuries for which he seeks compensation. It was the duty of another employee to see that any oil on the floor was covered with sawdust. and to replace sawdust saturated with oil with fresh sawdust, whenever the situation arose that required such action. Although a supply of sawdust was available, the jury, upon the evidence, could find that, notwithstanding the plaintiff's complaint to his foreman, the defendant negligently permitted the oil to remain upon the floor without being protected by a covering of sawdust, and that such failure resulted from the carelessness of the foreman in not heeding the plaintiff's warning after he had assured him that he would take care of the matter, and from the negligence of the employee who was charged with the duty of seeing that the danger from the presence of oil was removed by the application of sawdust. The defendant was not insured under G. L. (Ter. Ed.) c. 152, the workmen's compensation act, and the negligence of a fellow employee of the plaintiff did not constitute a defence. *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448. *Greem* v. *Cohen*, 298 Mass. 439.

In answer to a motion for a bill of particulars the plaintiff specified, in reference to the manner in which he was negligently set to work by the defendant in a dangerous place, that the floor was permitted to be covered with oil making it slippery and dangerous, that the defendant had notice of this condition and took no precaution to remedy it. He further specified, to that part of the motion seeking information as to "in what manner the place where the

defendant is alleged to have set the plaintiff to work was unsafe and dangerous," that the floor was permitted to be covered with oil, which made it dangerous for the plaintiff in the performance of his work. The evidence introduced by the plaintiff came fairly within his specifications, and there is nothing in the contention of the defendant that the plaintiff's cause of action was the presence of oil upon the floor and not the absence of sawdust. *Hayes* v. *Wilson*, 105 Mass. 21. *Powers* v. *Bergman*, 197 Mass. 39. *McDonough* v. *Boston Elevated Railway*, 208 Mass. 436. *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346. *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268. *Commonwealth* v. *Green*, 302 Mass. 547. The case is distinguishable from *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144, where the plaintiff specified that the negligence of the defendant consisted of a defective brake while the evidence showed that another part of the car was defective and that it prevented the operation of the brake. Here the specifications alleged that the floor was dangerous on account of being covered with oil and the defendant took no action to remedy this condition.

Contributory negligence of the plaintiff and voluntary assumption of risk are not defences to one uninsured under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 66. When the plaintiff began work in June, 1933, and up to the date of the accident, he had noticed that the "floor was always covered with sawdust all the time." Upon the defendant's testimony, it is plain that the defendant undertook the duty of keeping the oil upon the floor covered with sawdust in order to prevent persons from slipping upon the floor and for the purpose of preserving the under floor. In *Garber* v. *Levine*, 250 Mass. 485, which was an action to recover for injuries received by an employee when he slipped upon a wet floor, it was said, at pages 488–489, that "The plaintiff's action in continuing to work in the shop of the defendant with full knowledge of the dangerous and unsafe condition of its floor and of the platform of the machine, after his complaint and the refusal of the defendant to do anything to make the floor reasonably safe, is not a defence

to the defendant who was not insured under the workmen's compensation act." It could not be ruled as matter of law that the absence of sawdust was one of the risks which the plaintiff assumed as one of the terms of his employment. *Demaris* v. *Van Leeuwen*, 283 Mass. 169. *McCarthy* v. *New York, New Haven & Hartford Railroad*, 285 Mass. 211, 216. *Cronan* v. *Armitage*, 285 Mass. 520. *Rivers* v. *Krasowski*, 303 Mass. 409.

The defendant was not entitled to a directed verdict. The instructions to the jury were correct and, for reasons already given, there was no error in the refusal to grant the defendant's requests for rulings.

*Exceptions overruled.*