WALTER SHEA *vs.* CROMPTON AND KNOWLES LOOM WORKS.

Worcester.   September 25, 1939. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Variance, Specifications.

Under a specification by an employee that injuries sustained by him were due to negligence of his employer in requiring him to lift heavy boxes without the aid of suitable lifting appliances, the employee was not entitled to recover by proving that his injury was due to his slipping on an accumulation of oil, grease and steel chips on the floor while carrying such a box.

TORT.   Writ in the Superior Court dated September 21, 1934.

A verdict for the defendant was ordered by *Broadhurst,* J.

*Nunziato Fusaro,* for the plaintiff.

*G. B. Rowell,* for the defendant.

DONAHUE, J.   The plaintiff brought this action to recover damages for injuries received by him while at work in

the factory of his employer, the defendant, who was not a subscriber under the workmen's compensation act.

The declaration alleged the negligent failure of the defendant to furnish him with a safe and suitable place to work, or with suitable means and appliances with which to do his work, or to warn him of any hidden dangers incident to his work. At some time before the trial a motion of the defendant for specifications was allowed by the court and the plaintiff specified, in substance, that the negligence of the defendant that caused his injury was the requirement that he lift boxes containing cast iron weighing over one hundred pounds without the aid of suitable lifting appliances or devices.

At the trial, the plaintiff testified that at the time of his injury he had started to carry a box containing cast iron when his foot slipped on an accumulation of oil, grease and steel chips upon the floor and he fell and was injured. At the close of the plaintiff's evidence he filed a motion to amend the specifications earlier filed by him by adding thereto the statement that the place where he worked was dangerous because oil, grease and steel chips were allowed to accumulate on the floor, and he was not provided with suitable means for lifting the boxes of cast iron. After a hearing the judge denied the motion and no exception was taken to the denial. The power of allowing or denying the motion to amend the specifications rested in the sound judicial discretion of the judge, *Nickerson* v. *Glines*, 220 Mass. 333, 334; *Gerrish* v. *Gerrish*, 249 Mass. 219, 223, and there is nothing to indicate that such discretion was here abused.

So far as appears, the only evidence introduced at the trial was the testimony of the plaintiff. At the close of the plaintiff's evidence the defendant rested, and the judge directed a verdict for the defendant, subject to the plaintiff's exception. The parties stipulated that if, on the exception taken by the plaintiff, it should be determined in this court that the case should have been submitted to the jury, judgment shall be entered for the plaintiff in the sum of $1,000, otherwise judgment shall be entered on the verdict for the defendant.

The purpose of specifications is to give the judge and the

opposing party knowledge of the nature and grounds of an action, or the defence of an action. G. L. (Ter. Ed.) c. 231, § 70. Rule 22 of the Superior Court (1932). *Nickerson* v. *Glines,* 220 Mass. 333, 335. *Turner* v. *Twing,* 9 Cush. 512, 515. The effect of specifications when filed is that the proof must conform substantially to the specifications. *Williams* v. *Coggeshall,* 8 Cush. 377, 381–382. *Commonwealth* v. *Giles,* 1 Gray, 466, 469. *Jones* v. *Ilsley,* 1 Allen, 273, 274. *Payson* v. *Macomber,* 3 Allen, 69, 71. *Corsick* v. *Boston Elevated Railway,* 218 Mass. 144, 146. See *Commonwealth* v. *Haywood,* 247 Mass. 16, 19.

The plaintiff's declaration, read, as it must be, with the specifications filed by him, bases his claim on negligence of the defendant in failing to provide apparatus by which the plaintiff, without injury, might lift heavy boxes of cast iron. The plaintiff's testimony does not afford a basis for a finding that his injury was due to the failure of the defendant to provide such apparatus. On his testimony his injury was due to slipping upon an accumulation of oil, grease and steel chips which was on the floor. As such cause of injury was not within the specifications filed by the plaintiff, he cannot here recover. Compare *Novash* v. *Crompton & Knowles Loom Works,* 304 Mass. 244, 246–247.

In accordance with the stipulation filed by the parties, judgment must be entered for the defendant.

*So ordered.*