MARY A. STEWART *vs.* GERTRUDE MORGAN.

Suffolk. April 4, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Fire. *Fire.*

Upon a specification by the plaintiff, in an action of tort for personal injuries sustained by the wife of a tenant of the defendant through inhalation of smoke, that the defendant was negligent or acted unlawfully in "causing or permitting a condition which resulted in a fire on the premises which condition consisted in part of a defective vent or chimney or flue or other defects of premises in fire," a ruling made by the trial judge, proper on the evidence, that there was "no evidence to warrant a finding that the defendant was responsible for the fire on" the premises, required a finding for the defendant.

TORT. Writ in the Municipal Court of the City of Boston dated January 11, 1943.

The action was heard by *Tomasello*, J.

*S. Stern*, for the plaintiff.

*W. I. Badger, Jr.*, for the defendant.

WILKINS, J. The plaintiff, the wife of a tenant of the defendant, appeals from an order of the Appellate Division vacating a finding in her favor and directing judgment for the defendant. The declaration, which is in tort, alleges "that on or about November 16, 1942, she was injured as

the result of negligence or the unlawful conduct of the defendant, or her agents, servants, or employees." In response to a motion by the defendant the plaintiff specified that she was injured by the inhalation of smoke "on premises of 1601 Washington Street, Boston," and that the defendant was negligent or acted unlawfully in "causing or permitting a condition which resulted in a fire on the premises which condition consisted in part of a defective vent or chimney or flue or other defects of premises in fire." The trial judge granted one of the defendant's requests for rulings, which read: "There is no evidence to warrant a finding that the defendant was responsible for the fire on her premises on the date referred to in plaintiff's declaration." If correct on the evidence, this should have been decisive of the case. "The effect of specifications when filed is that the proof must conform substantially to the specifications." *Shea* v. *Crompton & Knowles Loom Works,* 305 Mass. 327, 329. The trial judge, however, denied other requests of the defendant for rulings that there was no evidence to warrant a finding of negligence or that any act or omission caused the plaintiff to be exposed to smoke, and found "that defective chimney in control of defendant negligently allowed to so remain unreasonably caused injury to plaintiff." He also denied as immaterial the defendant's request for a ruling that there was no evidence of any change in the premises during the tenancy, and found "that inherently dangerous condition was permitted to continue unreasonably which defendant knew or should have known was injurious to health and might result in serious physical injury to the occupants of the tenement." This was error. The judge's ruling that a finding was not warranted that the defendant was responsible for the fire, which was the only ground for liability presented by the declaration and the specifications, was required by the meager evidence. The plaintiff and her husband, who had an apartment on the second floor over a restaurant, on the evening in question heard shouts of "fire." "Immediately thereafter flames began breaking into the two ends of the apartment, which became filled with smoke." The only evidence as to the cause of the fire

was from the defendant, who testified that "she learned that a pot of deep fat had boiled over on the restaurant stove and caused serious damage." Other than that the chimney served both the restaurant and the apartment, there was nothing to indicate its location. It obviously could not have been at both ends of the apartment, and may not have been at either end.

There are other fatal objections to recovery by the plaintiff. (1) Even if the chimney were defective, it could not be found to have been the cause of the smoke in the apartment on the occasion in question. *Bratton* v. *Rudnick*, 283 Mass. 556. (2) There was no evidence that the premises within the landlord's control were not in a condition as good as that in which they appeared to be at the time of the letting. *Sordillo* v. *Fradkin*, 282 Mass. 255, 257.

> *Order of Appellate Division affirmed.*
> *Judgment for the defendant.*