MARY SNOW *vs.* METROPOLITAN TRANSIT AUTHORITY.

Suffolk.   April 8, 1948. — June 4, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Escalator. *Practice, Civil,* Variance; Ordering verdict; Exceptions: what questions open. *Pleading, Civil,* Specifications.

A motion in writing presented by the defendant at the close of evidence at a trial, which contained no reference to the pleadings or to specifications filed by the plaintiff, but merely asked that "the court direct the jury to return a verdict for the defendant," raised no question of variance and properly was denied where there was evidence warranting a verdict for the plaintiff.

A finding of negligence on the part of one in control of an escalator toward a woman injured while riding thereon as an invitee was warranted by evidence that the covering of a travelling hand rail of the escalator was loose and worn six months before she was injured and that her injury occurred when the covering "all came off" "on the ground" and "came all around her feet and tripped her."

A series of specifications, filed by a plaintiff on successive motions by the defendant in an action for personal injuries, which comprised a general specification, not later expunged, of negligence in the maintenance, operation and control of an escalator in a defective condition and a further specification of negligence respecting defects in the treads of the escalator, permitted submission to the jury of evidence showing negligence respecting only a defective condition of a travelling hand rail of the escalator.

TORT. Writ in the Superior Court dated May 31, 1944. The action was tried before *Williams,* J.

*R. L. Mapplebeck,* for the defendant.

*H. L. Barrett,* for the plaintiff.

WILKINS, J.   The plaintiff, a passenger, was hurt on an escalator at the Andrew Square station of the Boston

Elevated Railway Company, and brings this action of tort, in which the Metropolitan Transit Authority has been substituted as party defendant. St. 1947, c. 544, § 20, as amended by St. 1948, c. 147, § 1. There was a verdict for the plaintiff. The defendant's exceptions are to the denial of its motion for a directed verdict in its favor and to the denial of its motion to enter a verdict for the defendant under leave reserved.

The declaration alleges that on November 23, 1943, "at the Andrew station" the plaintiff sustained injuries "all owing to the negligence of the defendant, its servants or agents." She was ordered to specify "Wherein the defendant, its agents, servants or employees were negligent as alleged in the plaintiff's declaration, that is, to state specifically the act or acts of the said defendant, its agents, servants or employees the plaintiff relies upon as constituting negligence." The plaintiff filed the following specifications: "1. The defendant, its agents, servants or employees were negligent as alleged in the plaintiff's declaration because of their failure to exercise reasonable care under the circumstances to manage, maintain, operate and control the escalator in question in such a manner as would keep it free from defect. 2. The defendant, its agents, servants or employees were further negligent as alleged in the plaintiff's declaration in maintaining its escalator at the Andrew Square station in an improper and unsafe manner and in failing to keep it in proper working order and/or allowing it to become and remain in a defective condition, said defective condition consisting of the mechanism and/or its members having become worn, imperfect and faulty. And the plaintiff further says that she is unable to further specify as to the negligence of the defendant at this time and reserves the right to do so again." Upon motion the plaintiff was ordered "further" to specify, the remaining language of the second order being identical with that of the first. The plaintiff thereupon filed a paper which read: "Now comes the plaintiff in the above entitled action and further specifies as follows: The defendant, its agents, servants or employees were negligent as alleged in the plaintiff's declaration in

that they allowed the treads of the escalator in question to become smooth, worn, uneven and slippery. The plaintiff is unable to further specify at this time and reserves the right to do so again."

The purpose of the specifications was to give the defendant knowledge of the nature and grounds of the action. G. L. (Ter. Ed.) c. 231, § 70. Rule 22 of the Superior Court (1932). *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 328–329. The effect of specifications when filed is that proof must conform substantially to the specifications. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329. *Stewart* v. *Morgan*, 316 Mass. 164, 165. *Lishner* v. *Bleich*, 319 Mass. 350, 352.

The plaintiff testified without objection that she was going up the escalator and had hold of the railing; that "it was kind of wrinkled and loose and kind of worn"; that she could see something like the lining; that "it was loose and hanging down like, like a fringe, down at the edge like, all along the rail as far as she could see"; that the rubber top of the rail was loose; that there was a terrible noise; that it started to take her back instead of up, " 'all this rubber' came all around her feet and tripped her and that is what knocked her down on her knees"; that it was the covering on the hand rail that came off; that "it all came off as far as she could see"; that "it was off on the ground and went around her feet; it was all wrinkled like a snake"; and that the hand rail was "loose, wrinkled looking, old looking, with the fabric exposed six months before the accident."

The judge without exception charged the jury in part as follows: "In the specifications which have been read to you she alleged through her attorney that the cause of her fall was the worn and slippery condition of the treads. There has been no evidence offered in court, as I recall, which supports any such claim. The evidence which is offered here tends to show that the cause of her fall was due to two things only: The sudden reversing of the course of the escalator, that is, from going uphill, using that expression, to going down, and secondly, the coming off of this travelling hand rail, which the plaintiff says wound around her

feet. . . . As to the second matter, the coming off of the travelling hand rail, it is admitted that that did come off."

There is no copy of the motion for a directed verdict in the record, but in the bill of exceptions it is summarized as follows: "At the close of the evidence the defendant filed a motion that the court direct the jury to return a verdict for the defendant." In its brief the defendant states that the motion was "on the ground that there was a variance between the pleadings and the evidence." At the arguments before us the defendant conceded that the motion, which was in writing, did not refer to the pleadings or the specifications, but nevertheless contended that in fact it was based, and actually it was argued, on the ground of variance. We are of opinion, however, that on the record, by which the case must be governed, no question of variance was raised. The evidence warranted a finding against the defendant, and the motion for a directed verdict was rightly denied. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Lane* v. *Epinard,* 318 Mass. 664, 666–667. *Tinkham* v. *Wind,* 319 Mass. 158, 160. *Pochi* v. *Brett,* 319 Mass. 197, 205. *Poulos* v. *Coca-Cola Bottling Co. of Boston,* 322 Mass. 386, 392.

It is proper to add that had any question of variance been raised, the motion still should have been denied. We pass by the point whether the specifications were part of the pleadings and would have been within the scope of a motion referring only to pleadings and not to specifications. See *Commonwealth* v. *Davis,* 11 Pick. 432, 434; *Commonwealth* v. *Farrell,* 105 Mass. 189, 191; *Cheraska* v. *Ohanasian,* 259 Mass. 341, 345; *Everett* v. *Canton,* 303 Mass. 166, 168, 171. See also *Dunlop* v. *United States,* 165 U. S. 486, 491; *Barton* v. *Automobile Ins. Co.* 63 Fed. (2d) 631, 632 (C. C. A. 1). The first specifications filed referred in general terms to certain grounds of negligence, and were not expunged. They, accordingly, remained in the case to be considered with the "further" specifications filed by the plaintiff pursuant to the order on the defendant's motion. We do not reach consideration of the final sentence of the specifications and of the further specifications, reserving the "right" to specify

again. See *McDonough* v. *Boston Elevated Railway,* 208 Mass. 436, 440.

No new question is presented by the denial of the motion to enter a verdict under leave reserved.

*Exceptions overruled.*