LUTHER E. VIA *vs.* ASBESTOS TEXTILE COMPANY, INC.

Worcester.    September 25, 1956. — January 4, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Practice, Civil,* Appellate Division: appeal, decision; Specifications;
Variance; New trial; Requests, rulings and instructions. *Pleading,
Civil,* Declaration. *Damages,* Double damages.

A decision of the Appellate Division of a District Court ordering a new
trial was not a "final decision" and an appeal from it to this court did
not lie under G. L. (Ter. Ed.) c. 231, § 109. [212]
A decision of the Appellate Division of a District Court ordering a new
trial was brought before this court for review by an appeal from a final
decision of the Appellate Division dismissing a report following the
second trial. [212]
Where it appeared, although it was not expressly stated, that both of the
two counts of a declaration were predicated on the same cause of
action, namely, a claim under the Federal fair labor standards act for
overtime work in a certain period stated in specifications filed by the
plaintiff, it was error to award damages based on overtime work during
a period extending beyond that specified by the plaintiff and to award
damages on each count of the declaration. [214–215]
The defendant in an action in a District Court properly might raise by
requests for rulings filed in connection with a motion for a new trial the
points that damages should have been limited by specifications of the
plaintiff and should not have been awarded separately on both of two
counts of the declaration which were for the same cause of action,
even though the defendant might have raised but did not raise those
points by requests for rulings made at the original trial. [215]
It was within the discretion of the Appellate Division of a District Court,
upon determining that there had been error in matters principally re-
lating to damages, to order a new trial not limited to the issue of
damages. [215–216]

CONTRACT.    Writ in the Central District Court of Worces-
ter dated September 9, 1947.

The first trial of the action was before *Barnes,* J.

*Morris Newman,* for the plaintiff.

*John F. Driscoll,* for the defendant.

COUNIHAN, J. This is an action of contract in which the plaintiff seeks to recover attorney's fees and for overtime work under the fair labor standards act of 1938, as amended, now appearing in U. S. C. (1952 ed.) Title 29, § 201 et seq.

The declaration is in two counts. In the first count the plaintiff seeks to recover unpaid overtime compensation in the amount of $2,441.25 and an equal amount as liquidated damages by virtue of § 216 (b). In the second count he seeks to recover unpaid overtime compensation in the sum of $3,000, and liquidated damages in an equal amount. In this count he also seeks to recover reasonable attorney's fees in the sum of $2,500.

The first question for us to decide is whether in the circumstances hereinafter described this case is properly before us.

From the record before us it appears that a judge of a District Court, after trial, found for the plaintiff and assessed damages on each count. Upon a report to the Appellate Division, claimed by the defendant, prejudicial error was found at that trial and a new trial was ordered by a decision of the Appellate Division dated August 22, 1949. On August 27, 1949, the plaintiff filed an appeal to this court from that decision. It appears from the docket of the District Court, a certified copy of which is before us, that a new trial was held before another judge which resulted in a finding for the defendant. Upon a report to the Appellate Division, claimed by the plaintiff, no prejudicial error was found at the second trial and the report was dismissed on January 3, 1956. On January 5, 1956, the plaintiff claimed an appeal to this court from that second decision and the case was then duly entered in this court. The plaintiff caused to be printed and presented to us a record showing the proceedings at the first trial, the action of the Appellate Division on the first report, and the two appeals to this court above referred to.

The contentions of the plaintiff are that there was no error at the first trial; that he is entitled to judgment on the finding at that trial; that the Appellate Division erred

in ordering a new trial; and that all subsequent proceedings arise out of and are vitiated by that error. The case was argued by both parties and heard by us solely on this issue.

It has been settled that a decision of the Appellate Division ordering a new trial is not a final decision within the meaning of G. L. (Ter. Ed.) c. 231, § 108, as amended, and § 109, from which an appeal can be taken. Here, however, after the second trial, upon a report claimed by the plaintiff, there was a final decision of the Appellate Division dismissing that report and the plaintiff duly claimed an appeal to this court from that decision. That appeal brings here for review both the first and second decisions of the Appellate Division, although questions of law, if any, arising at the second trial do not appear in the record. The decision ordering a new trial is therefore properly before us. For a full discussion of the principles of law involved see the majority opinion in *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125–130, with ample citation of authority. *Redfield* v. *Abbott Shoe Co., ante,* 208.

We proceed, therefore, to inquire whether the first decision of the Appellate Division was correct.

In answer to a motion for specifications filed by the defendant, the plaintiff specified that the dates on which he earned overtime compensation, as set forth in each count, were from June 12, 1944, through August 25, 1945, and that the amount due him for overtime was $2,244 and a like amount for liquidated damages.

At the first trial before a special justice of the District Court the plaintiff filed eighteen requests for rulings most of which were given and the others denied. The defendant likewise filed requests for rulings all of which were denied. In view of what hereinafter is said, we consider only the sixteenth request of the plaintiff which was given and which reads, "Upon all the evidence a finding for the plaintiff is warranted on each count."

The judge made "Findings and Rulings" the vital parts of which read, "I further find that the plaintiff is entitled under . . . [§216 (b)] to overtime compensation, liquidated

damages and a reasonable attorney's fee. Under count 1 of the plaintiff's declaration based on the records of the defendant, I find that the plaintiff earned $2,477.80 for overtime pay. Attached hereto marked (A) is a week by week breakdown of the above overtime figure earned by the plaintiff. . . . As count 1 of the plaintiff's declaration calls for $2,441.25, I find for the plaintiff in count 1 for $2,441.25, plus $2,441.25 liquidated damages and $1,200 for attorney fees. Total for count 1 is $6,082.50. Under count 2 of the plaintiff's declaration based on time books kept by the plaintiff as part of his duties (plaintiff's exhibit #2) (three books), I find that the plaintiff is entitled to $65.70 for overtime. This overtime is in addition to the overtime shown by the defendant's records in count 1. Attached hereto marked 'B' is a week by week breakdown of the above figure. I find for the plaintiff in count 2 in the sum of $65.70, plus $65.70 liquidated damages and $35 for attorney fees. Total for count 2 is $166.40. The totals for counts 1 and 2 are $6,248.90." An award for attorney's fees is authorized by the fair labor standards act.

It is plain from what is marked "A" and "B" appended to the "Findings and Rulings" that the judge awarded damages on count 1 for overtime work up to and including April 13, 1946, and on count 2 for overtime work up to and including April 6, 1946, periods extending beyond those set forth in the plaintiff's specifications.

The defendant seasonably filed a motion for a new trial on the grounds that: "1. The finding is against the evidence. 2. The finding is against the law and the evidence. 3. The damages are excessive." It also filed requests for rulings of law on the motion of which the following appear relevant. "1. That the damages awarded in the above entitled case are excessive. 2. Where the plaintiff has filed specifications, his proof must conform substantially to the specifications. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329, and cases cited therein. 3. That the plaintiff is not entitled to recover in this action for a period beyond the period set forth in his specifications. 4. In this

action under count 1, if the plaintiff is entitled to recover at all, he can recover only for the period from June 12, 1944, to August 25, 1945, as set forth in his specifications. 5. In this action under count 2, if the plaintiff is entitled to recover at all, he can recover only for the period from June 12, 1944, to August 25, 1945, as set forth in his specifications. 6. The plaintiff is not entitled to recover under the two separate counts in his declaration as they both arise from the same cause of action and cover the same period. 7. There is not sufficient evidence to warrant findings on which 'reasonable attorneys' fees' were awarded to the plaintiff. 8. There is no evidence offered in this action as to what was done by the attorney for the plaintiff in connection with the preparation of the case." The judge denied this motion. He denied request numbered 1. He denied requests numbered 2 to 8, inclusive, "as not bearing on the motion for new trial and as tardily filed on the questions raised at the trial."

The defendant claimed a report to the Appellate Division and after hearing it was decided that there was prejudicial error in the denial of the defendant's first six requests for rulings made at the hearing on the motion for a new trial, and in giving the plaintiff's sixteenth request (at the trial), and a new trial was ordered.

The only question for us to determine is whether under the law of this Commonwealth the plaintiff is entitled to recover under the pleadings and the specifications. No question of Federal law is involved. The declaration is in two counts, but a careful reading of it, in conjunction with the specifications, makes it plain that both counts are for the same cause of action although there is no such statement in the declaration. Both counts are predicated upon a claim for overtime work under the fair labor standards act. The claim for attorney's fees is made in the second count only, but the judge in his findings awarded fees under both counts.

It is plain that the plaintiff's recovery, apart from attorney's fees, is limited by his specifications. The plaintiff's specifications limited his recovery for overtime to the period

between June 12, 1944, and August 25, 1945. It was error therefore for the judge to award damages for overtime beyond the period specified. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329. *Enga* v. *Sparks*, 315 Mass. 120, 125. *Stewart* v. *Morgan*, 316 Mass. 164, 165. *Lishner* v. *Bleich*, 319 Mass. 350, 352. *Snow* v. *Metropolitan Transit Authority*, 323 Mass. 21, 23. *Gannon* v. *Summerfield Co.* 323 Mass. 25, 27. *A & S Products Corp.* v. *Parker*, 334 Mass. 189, 192. It was likewise error for the judge to award damages on each count of the declaration for this resulted in double damages for the same period of time declared upon and specified.

The plaintiff argues, however, that the objections of the defendant should have been raised at the trial rather than on the motion for a new trial. It is true that the defendant might have raised the question of limitation of damages to the period set forth in the specifications by suitable requests for rulings at the trial. But the defendant could reasonably believe that the judge would not award damages beyond the limitation fixed in the specifications and that he would not award damages on each count. After having been informed of the findings of the judge, it filed a motion for a new trial and promptly raised by requests for rulings of law the question of excessive damages awarded by the judge.

The plaintiff relies upon *Turner* v. *Twing*, 9 Cush. 512, but there the parties proceeded upon the theory that a certain note had been included in the specifications so that no reliance upon the specifications or element of surprise was involved. That situation does not appear to be similar to the one in the case at bar. We agree with the decision of the Appellate Division that the first six requests for rulings on the motion for a new trial should have been given.

For reasons already stated we agree with the decision of the Appellate Division that the granting of the plaintiff's sixteenth request at the first trial was error. *Lawrence* v. *O'Neill*, 317 Mass. 393, 396.

The action of the Appellate Division in ordering a new trial instead of limiting it to the issue of damages was within

its discretion. G. L. (Ter. Ed.) c. 231, § 108, as amended. *Kraiterman* v. *Boston,* 303 Mass. 209. It follows therefore that the first order of the Appellate Division granting a new trial is affirmed. The plaintiff having failed to argue his appeal from the second order of the Appellate Division, we deem it to have been waived and that order is affirmed.

*So ordered.*