MILDRED R. COX *vs.* PROVEN PICTURES OF BOSTON, INC.

Suffolk. May 6, 1958. — June 24, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Negligence*, Theatre.

Evidence did not warrant a finding of negligence on the part of the proprietor of a moving picture theatre toward a patron injured upon
leaving her seat at the morning show when she stepped on a piece of
paper and "her foot went right out from under her" and "under the
seat in front of her" and she was thrown into the aisle where it did
not appear that the theatre was not thoroughly cleaned before it
opened that morning or when the piece of paper came upon the floor
or that there was any foreign substance on the piece of paper either
before or after she stepped upon it.

TORT. Writ in the Superior Court dated May 26, 1954.
The action was tried before *Swift*, J.

*Peter D. Cole*, for the defendant.

*Arnold Felton*, (*Benjamin Smith* with him,) for the plaintiff.

COUNIHAN, J. This is an action of tort for damages for
personal injury sustained by the plaintiff by reason of a fall
in a theatre, on June 4, 1952, due to the alleged negligence
of the defendant, the owner and operator of the theatre.
Count 2 of the declaration alleging a nuisance was waived.
The jury returned a verdict for the plaintiff and the action
comes here upon an exception to the denial of the defendant's
motion for a directed verdict. We are of opinion that there
was error.

We summarize the evidence most favorable to the plaintiff. The plaintiff who lived in South Boston came into
town on a street car. From the evidence we infer that she
alighted at the subway station at the corner of Boylston and
Tremont streets. When she reached the surface she crossed

Tremont Street and walked along it to the entrance of the theatre. She entered the theatre at about 9:30 A.M. and took a seat about four seats in from the left hand side of the aisle in the orchestra section. The moving picture was being shown and it was dark on the floor but she could see. There was no lighting under any of the seats which were a push back type and not folding ones. She saw no one at any time enter the row in which she was sitting, and she saw no one occupying any seat in the row in front of her or in the row in back of her. When she was ready to leave she stood up and turned to move to the right. She heard a "crackling of paper . . . and her foot went right out from under her" and "under the seat in front of her and the rest of her body was thrown in the aisle." At no time did she have occasion to look under the seat. She was assisted to the lobby and then carried to a taxicab which took her to a hospital.

On the way to the hospital she removed her right shoe and observed a stain on the bottom of it which looked like chocolate. It was more than a half dollar in size. In her testimony the plaintiff admitted that she did not mention slipping on a piece of paper to anyone immediately after the accident and she said nothing about the paper or any foreign substance in her answers to interrogatories.

The plaintiff, a business visitor, was owed by the defendant the duty of keeping that part of the theatre which she was invited to use in a reasonably safe condition and of warning her of any danger she might encounter, provided the danger was known or should have been known to the defendant and was one of which the plaintiff had no knowledge and could not reasonably be expected to have knowledge. *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560, 561.

In her brief the plaintiff relies upon improper inspections by the defendant to ascertain whether there were any dangers attendant upon the use of the theatre of which in the exercise of reasonable care it should have known. She

contends that the jury could have found that the defendant failed in its duty toward the plaintiff because the defendant used only four employees, for a period of four hours each, to clean the theatre containing nine hundred seventy seats every morning, before the theatre opened. We do not agree.

In the first place there was no evidence that the number of employees and the time spent were not sufficient to clean the theatre thoroughly. Furthermore, there was no evidence when the piece of paper came upon the floor or that there was any foreign substance on that piece of paper either before or after she stepped upon it. Whether her fall was caused by the negligence of the defendant was a matter of conjecture and speculation.

We need not decide the question whether the specification in paragraph 2 of the plaintiff's specifications[1] was sufficient to give the defendant knowledge of the nature and grounds of the action. G. L. c. 231, § 70. Rule 22 of the Superior Court (1954). *Shea* v. *Crompton & Knowles Loom Works,* 305 Mass. 327. *Snow* v. *Metropolitan Transit Authy.* 323 Mass. 21, 23. This specification, to say the least, is vague and ambiguous and probably did not comply with the requirements of the statute and the decided cases. *Gannon* v. *Summerfield Co.* 323 Mass. 25, 27.

*Exceptions sustained.*
*Judgment for the defendant.*

---

[1] "Defendant was negligent in not having proper lighting for its patrons, and was also negligent in the care and control of the floor and seats, by allowing said floor and seats to become in a dangerous and defective condition; the construction was improper. Defendant was also negligent in not having proper employees on duty at the time so that patrons could leave the theatre in safety."