DAVID WOLFSON vs. LOUIS FOX.

Suffolk. December 2, 1958. — February 27, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Negligence*, Invited person. *Motor Vehicle*, Invitee. *Pleading, Civil*,
Declaration, Specifications.

Where allegations in a declaration state a cause of action upon which the
evidence warrants a verdict for the plaintiff, he may recover even
though the declaration contains other allegations of which there is no
proof and which may be disregarded as surplusage. [604]
A plaintiff's proof must conform to specifications filed by him. [604]
A declaration alleging that while the plaintiff was lawfully riding in a
motor vehicle operated by the defendant on a public way the plaintiff
was injured in an accident by reason of the defendant's "negligence"
in its operation, together with specifications that "the plaintiff and
the defendant had mutual business interests and that day . . . [were
on a journey] in the defendant's car at the invitation of the defendant,
to attend to certain matters arising out of the business ventures be-
tween them," stated a cause of action. [604]
Evidence that the purpose of a journey by the plaintiff and the defendant
in the defendant's automobile was to view damage done by a fire to
amusement devices operated on leased land by a business corporation
in which the parties were both financially "interested" and to secure
a lower rent for the corporation warranted a finding that the plaintiff
was an invitee in the automobile entitled to recover from the defendant
for injuries resulting from ordinary negligence of the defendant in its
operation while they were on their way back to their homes. [605]

TORT. Writ in the Superior Court dated March 17, 1953.
The action was tried before *Good*, J.
*Philander S. Ratzkoff*, for the defendant.
*Thomas D. Burns*, (*William H. Clancy* with him,) for the
plaintiff.

WILKINS, C.J. The plaintiff was hurt in an automobile
accident on December 30, 1948, while riding in a motor
vehicle owned and operated by the defendant. The declara-
tion contained three counts. The jury returned a verdict

for the defendant on counts 1 and 2, and for the plaintiff on count 3. The only question for decision is whether there was error in the denial of the defendant's motion for a directed verdict on count 3.

Count 1 was based upon gross negligence causing injury to a social guest. Count 2 was for negligent injury to a business invitee. The third count alleged that the plaintiff and the defendant were "engaged in a common or joint enterprise and that while engaged in said enterprise the plaintiff was lawfully riding in a motor vehicle operated by the defendant . . . on a public way . . . in a careless, negligent and reckless manner; and while the defendant was so operating said motor vehicle and by reason of and as a result of the defendant's carelessness, negligence and recklessness . . . the plaintiff was severely injured . . . ." The plaintiff specified as to count 3: "The plaintiff and the defendant were engaged in a common and joint enterprise in that the plaintiff and the defendant had mutual business interests and that day had gone to Old Orchard, Maine, in the defendant's car at the invitation of the defendant, to attend to certain matters arising out of the business ventures between them."

It is agreed that there was evidence warranting the jury in finding that the defendant was negligent and that the plaintiff was not contributorily negligent.

In this court the plaintiff does not base his right to recover upon the existence of a joint enterprise, and in effect treats all such reference in count 3 as surplusage. To do this successfully, the remaining allegations must state a cause of action upon which the evidence warranted a verdict for the plaintiff. "It is not necessary that all the allegations should be proved if enough are proved to make out a cause of action." *Litchfield* v. *Hutchinson*, 117 Mass. 195, 198. In addition, his proof must conform to his specifications. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329. *Stewart* v. *Morgan*, 316 Mass. 164, 165. *Snow* v. *Metropolitan Transit Authy.* 323 Mass. 21, 23. The declaration and specifications so construed state a cause of action upon which there was evidence to warrant the verdict.

See *Labatte* v. *Lavallee,* 258 Mass. 527; *Alderman* v. *Noble,* 296 Mass. 30, 31.

At the time of the accident the parties were passing through Revere on a return trip to Boston from Old Orchard, Maine, to which place they had gone earlier in the day. The facts which the jury could have found are these. The parties were "interested" in a corporation, known as Seashore Amusements, Inc., which operated "amusements and rides" upon real estate at Old Orchard leased from one Osher, the owner. It had recently been the scene of a fire, and the purpose of the trip was to view the damage and to talk with Osher to get lower rent. They did not see Osher, but they divided $90 in the safe, and went to a lawyer's office. There it was said that they could not rent any space without getting "straightened out" with Osher. The plaintiff was a stockholder, treasurer, and general manager. The defendant had given him "some cash" for the business, and "had a part interest in the rides."

We are of opinion that the jury could warrantably find that the plaintiff had conferred a benefit in the performance of something in which the defendant had an interest. As was said in *Taylor* v. *Goldstein,* 329 Mass. 161, 163, "Although the most obvious benefit to a defendant is one of a direct pecuniary nature, an indirect pecuniary benefit or an undertaking which holds out the hope of a pecuniary benefit may be sufficient to entitle the plaintiff to recover for ordinary negligence." We cite a few of the many cases illustrating the principle. *Foley* v. *McDonald,* 283 Mass. 96. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. *Roy* v. *Bacon,* 325 Mass. 173. *Hanlon* v. *White Fuel Corp.* 328 Mass. 455, 458–459. That the object of the trip was likewise of advantage to the plaintiff does not render the principle inapplicable. *Jackson* v. *Queen,* 257 Mass. 515. *Foley* v. *McDonald,* 283 Mass. 96. That the accident occurred on the homeward journey is not a material consideration. *Weida* v. *MacDougall,* 300 Mass. 521, 524. *Howes* v. *Kelman,* 326 Mass. 696, 698.

*Exceptions overruled.*