Forte, J.
This is an action in contract to recover commissions and “override” payments allegedly due the plaintiff for work he performed for the defendants as an appraiser and as the manager of their New Hampshire office.
The plaintiffs complaint is in two counts. Count 1 sought recovery on an account annexed which listed fourteen commercial appraisals performed for the defendants with total commissions due in the amount of $7,530.00. Count 2 alleged a breach of contract for payment of the same appraisal commissions specified in Count 1 by incorporating the account annexed. Paragraph six of Count 2 stated:
16. But the defendants have not paid the plaintiff for work outlined in account annexed ‘A’ after several demands for payment by the plaintiff to the defendants in an amount of $7,530.00 in breach of their agreement.
At trial, the plaintiff testified that only $516.00 was actually due on the appraisals listed in his account annexed. He was then asked over the objection of defendant’s counsel the following question: “Whether there were other monies owed?” The plaintiffresponded affirmatively, and proceeded to answer other questions[2] indicating that additional amounts were due him for appraisals performed for the defendants beyond those contained in the account annexed and incorporated into Count 2 of his complaint. These additional questions and answers are not set forth in the report to this Division. The trial judge found that the plaintiff was owed an additional $4,301.00 over the $516.00 commission figure to which he initially testified.
The defendants now claim to be aggrieved by the trial court’s evidentiary ruling, and by the courf s denial of their requests for rulings numbers 2,3 and 4 which stated:
2. As the purpose of the account annexed is to give the defendants notice *179 of the basis for the plaintiffs complaint, the plaintiffs recovery is limited to those items identified on the account annexed.
3. By virtue of his ‘account annexed’ the plaintiff has set forth all of the items which he is claiming to be owed by the defendants.
4. The individual defendants, Jeffrey Mueller and Andrew Noyes, are not liable to the plaintiff where the plaintiff had an independent contractor relationship with Oceanic Adventures, Ltd., a Delaware corporation operated by the individual defendants, and not with the individual defendants themselves.
1. There was no error in the denial of defendants’ request number 4. Such request called for not only a ruling of law, but also for findings of fact as to whether there was an independent contractor relationship, whether Oceanic Adventures, Ltd. was a corporation operated by the defendants, and whether there was a contractual agreement between the plaintiff and the defendants as individuals. “When a request... is a hybrid, asking for an implied finding of a disputed fact as well as a ruling of law upon it, the request is properly refused.” Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944).
2. Defendanf s requests numbers 2 and 3 and the court’s evidentiary ruling raise the primary issue posed by this appeal; namely, whether the plaintiffs recovery herein should have been limited to the appraisals listed and the amounts sought in the plaintiff’s account annexed.
Under Massachusetts forms of pleading and practice prior to 1974, an account annexed fulfilled the same function as a bill of particulars or specifications, Liljestrand v. Worcester County Nat'l Bank, 345 Mass. 767 (1963), and was designed to apprise both the court and the defendants of the factual basis of the plaintiff s claim. Shea v. Crompton & Knowles Loom Works, 305 Mass. 327, 328-329 (1940). In both criminal proceedings and civil actions, a party was bound by the specifications that he had furnished, Commonwealth v. Hayes, 311 Mass. 21, 23 (1942), and proof was restricted to thatwhich conformed substantially to the specifications. Snow v. Metropolitan Transit Auth., 323 Mass. 21, 23 (1948); Stewart v. Morgan, 316 Mass. 164, 165 (1944). Recovery could notbebaseduponevidencebeyond oroutsideofthespecifications. Shea v. Crompton & Knowles Loom Works, supra at 329; Corsick v. Boston Elev. Rwy., 218 Mass. 144 (1914).
A complaint in the form of an account annexed continues to be a proper pleading under the current rules of civil procedure in this Commonwealth.[3] The reason is that such a complaint is consistent with the “notice pleading” philosophy of Dist./Mun. Cts. R Civ. P., Rule 8 which requires only that a plaintiff give fair notice of his claim and enough information about its underlying facts to apprise the defendant of the nature of the dispute. Multi-Technology, Inc. v. Mitchell Mgm. Systems, Inc., 25 Mass. App. Ct. 333, 335 (1988); Republic Floors of New England, Inc. v. Weston Racquet Club, Inc., 25 Mass. App. Ct. 479, 487 (1988). It is thus the nature of the notice afforded to the defendants herein, rather than any application of outdated, rigid rules of pleading and practice, that dictates the scope of the plaintiffs account annexed.
It is clear that testimony as to other payments owed by the defendants beyond those listed in the account annexed was evidence outside the scope of the plaintiffs pleading. In limiting his claim to the particular appraisals listed in his account annexed, the plaintiff effectively notified the defendants that other appraisals were not in dispute, and that additional commissions were not sought. The defendants justifiably relied upon such specification in limiting or determining the focus of any *180 discovery and in preparing their case for trial.[4] Thus the unexpected introduction of additional claims mid-trial unfairly prejudiced the defendants.[5] The trial court’s evidentiary ruling and its denial of defendants’ requests numbers.2 and 3 were error.
An account annexed or any other complaint may, of course, be amended to correct a variance between the pleadings and proof when “justice so requires.” Dist./Mun. Cts. R. Civ. P., Rule 15 (a). Such motion is addressed to the discretion of the trial judge, and is ordinarily allowed in the absence of a showing of serious prejudice to the non-movingparty. See Hamed v. Fadili, 27 Mass. App. Ct. 234, 239-241 (1989); Novel Iron Works, Inc. v. Wexler Construc. Co., 26 Mass. App. Ct. 401, 406-407 (1988); St. Clair v. Trustees of Boston University, 25 Mass. App. Ct. 662, 669-670 (1988). The docket in the instant case indicates that either during or at the end of trial, the plaintiff moved to amend his complaint to conform it to the evidence. The court’s ruling on the motion stated: “No action necessary — matter is moot.” Such ruling was error.
Accordingly, the trial court’s judgment for the plaintiff is hereby vacated, and this case is returned to the Haverhill Division for a new trial. So ordered.

The trial judge indicated that the defendants’ objection and requestfor areportwould cover all subsequent questions on the subject of other commissions claimed by the plaintiff and not contained in his account annexed, and that the defendants would not be required to object and request a report on each question. The defendants thereafter properly preserved the court’s evidentiary rulings for appellate review by complying with the requirements of Dist./Mun. Cts. R. Civ. P., Rule 64(a).

 Rule 8 (a) (1) of the Dist/Mun. Cts. R. Civ. P. implicitly authorizes use of thecommon counts, 6 J. W. SMITH & H.B. ZOBEL, RULES PRACTICE §8.3 at 195 (1974), and Form 4 of the Rules is an account annexed form.

 Contrary to the plaintiffs contentions, the defendants were not required to undertake discovery of claims not presented by the plaintiff. Conversely, the fact that the defendants had possession of the records of the plaintiff s appraisals did not permit the plaintiff to forego pretrial discovery and utilize the trial itself to identify and determine the total amount of the plaintiffs claims. The defendants could have elected to avoid the costs of proceeding to trial, and justifiably relied upon the amount of the account annexed to limit their liability upon a default judgment. See Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 163-164 (1987).

The defendants reasonably argue that they were unable in the middle of trial to determine the validity of, or contest, each new commission claim as it was being presented during the plaintiff s direct testimony because of the volume of the work performed by the plaintiff and the extensive records of the same. The defendants’ determination of any outstanding liability for each new claim necessarily required that they review their records to determine whether the plaintiff had completed the appraisal, whether they had received paymentfrom the client whose property was appraised and whether they had made prior payment to the plaintiff of the commission sought