LoConto, P.J.
Aggrieved by the trial judge’s allowance of the defendant’s Motion for Judgment on the Pleadings, the plaintiff commenced this Expedited Appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. We vacate the allowance of the motion and remand the case to the trial court. The facts and issues necessary to an understanding of our decision are as follows. The plaintiff, a partnership engaged in the practice of law, brought this claim against a former client for unpaid out of pocket expenses incurred in its representation of the defendant in a workers’ compensation benefits claim. It also sought interest, costs and attorney’s fees incurred in the commencement of this action. The defendant answered denying any money is owed and asserted that the claim is barred from recovery by the statute of limitations. After hearing held before the trial court on July 24,2002, the defendanf s Motion for Judgment on the Pleadings was allowed.
The summary of the undisputed facts state that the plaintiff law firm seeks damages for the un-reimbursed expenses associated with the plaintiff’s representation of the defendant in a claim for workers’ compensation from approximately 1989 to 1991. It further states that “[a] 11 other material facts remain disputed.” The plaintiff’s complaint, filed on March 12,1999, avers that the defendant hired the plaintiff on or about January 26,1989. The defendanf s answer denies liability for any expenses and affirmatively asserts the statute of limitations as a defense. The assembled record includes the above mentioned pleadings. Additionally, the record also includes a Defendant’s Bill of Particulars and the plaintiff’s response to said requests signed under the pains and penalties of perjury by the plaintiff’s Keeper of Records. The defendant’s motion relies on the pleadings and the plaintiff’s responses to the defendant’s Bill of Particulars. As a preliminary issue, we accept the responses to the defendant’s Bill of Particulars as a pleading to “apprise both the court and the defendants of the factual basis of the plaintiff’s claim.” Shea v. Crompton & Knowles Loom Works, 305 Mass. 397, 328-329 (1940). The statute which related to bill of particulars was repealed by St. 1975, c. 377, §75, and replaced by District/Municipal Courts Rules of Civil Procedure effective July 1, 1975. However, it continues to be a proper pleading under the current civil rules of court as consistent with Rules of Civil Procedure, Rule 8, “which requires only that a plaintiff give fair notice of his claim and enough information about its underlying facts to apprise the defendant of the nature of the dispute.” Cassell v. Mueller, 1992 Mass. App. Div. 178, 179.
“The basis of [a] defendant’s motion for judgment on the pleadings is the failure of the plaintiff to state a claim upon which relief can be granted. In effect, this is the same as a motion to dismiss on these grounds.” 2 J.R. Nolan, Civil Practice *8 §303 (1992 & Supp. 2003). Therefore, a motion for judgment on the pleadings brought by a defendant pursuant to Rule 12(c) is similar to a Rule 12(b) (6) motion to dismiss for a failure to state a claim upon which relief can be granted. If the court considers matters outside the pleadings, then the motion must be treated as one for summary judgment. However, the rule requires that if the motion is to be considered under Rule 56, “[a]ll parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Mass. R. Civ. P., Rule 12(c).
It appears that the trial judge treated the motion as a request for a judgment on the pleadings. The court’s ruling was unaccompanied by any memorandum of decision. However, from the briefs and arguments of counsel before this Division, no suggestion was made that the trial judge converted the request into a motion for summary judgment. Therefore, we will examine the correctness of the allowance of a Motion for Judgment on the Pleadings.
Generally, “dismissals on the basis of pleadings, before facts have been found, are discouraged.” Gennnari v. City of Revere, 93 Mass. App. Ct. 979, 980 (1987), citing Fabrizio v. Quincy, 9 Mass. App. Ct. 733, 734 (1980). A “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Applying a 12(b) (6) test to the plaintiffs complaint requires an examination whether relief is available under any set of facts provable in support of the claim, after allowing all reasonable inferences favorable to the plaintiff’s complaint. On its face, the plaintiffs complaint passes such a test. The plaintiff’s complaint does not fail to state a claim that can survive the statute of limitations. The complaint seeks reimbursement for the expenses incurred by the plaintiff in its representation of the defendant in a workers’ compensation claim. The responses to the bill of particulars essentially consists of a list of the expenses allegedly incurred by the plaintiff in pursuit of the claim for reimbursement, giving the date, creditor, purpose and amount. The complaint states that the defendant employed the plaintiffs “on or about January 26, 1989.” There is no suggestion that the representation terminated, or if so, on what date and under what circumstances. Nor does the complaint state a date the plaintiff claims that the breach occurred. Although contract actions must commence within six years of the breach, the date of said breach is not alleged in the complaint, nor is it required.
The plaintiff argued that in most workers’ compensation cases the prevailing worker’s attorney’s fees and necessary expenses are paid by the insurer and that the parties often wait a considerable period before a resolution is reached. If the worker does not prevail, the attorney is not prohibited from seeking recovery from the client. The plaintiff claims that only after resolution of the underlining claim and then after demand is made upon the client does the statute of limitations begin to run. In its Notice of Appeal, the plaintiff presents for review the issue of whether an attorney’s claim for repayment of litigation expenses incurred on behalf of a workers’ compensation claimant is barred by the statute of limitations when counsel does not learn that the former client’s claim has closed, without settlement, until 1996, and counsel subsequently files suit to recover the out of pocket expenses from the client in 1999. Whether the plaintiff can successfully challenge the defense of the statute of limitations after trial or upon a motion for summary judgment is not the test before us. The plaintiff’s complaint passes Rule 12(c) muster if it can state a claim upon which relief can be granted. We believe it does. If after remand the court intends to treat the motion as one for summary judgment, then the parties “shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Mass. R. Civ. P., Rule 12(c). *9 Therefore, we order the clerk of the Worcester District Court to vacate the order allowing the defendant’s Motion for Judgment on the Pleadings and enter an order denying the motion without prejudice.