MELVIN L. FRAIMAN *vs.* ALVAH ROBBINS.

Middlesex.   April 9, 1959. — April 30, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Contract,* What constitutes, Of employment. *Pleading, Civil,* Declaration. *Practice, Civil,* Requests, rulings and instructions.

A request in an action of contract, that "There is no evidence that there was any consideration given by the plaintiff to the defendant upon which the contract sought to be recovered upon could be predicated and the finding must be for the defendant upon the plaintiff's declaration," was not a request for a finding of fact but was a request directed to the declaration for a ruling that there was no evidence warranting a finding for the plaintiff. [140]

A declaration in an action against a real estate broker, alleging in one paragraph that the plaintiff was employed by the defendant as a salesman and was to receive one half of the commissions paid on sales brought about by the plaintiff, and alleging in the following paragraph that subsequently the plaintiff terminated such employment "with the . . . understanding and agreement with the defendant" that the plaintiff was to receive one half of the commission paid upon sale of a specified property already shown by the plaintiff to a prospective buyer, and that the specified property was later sold to the prospective buyer, was based on the original contract of employment, with a mutual recognition at the time of its termination that the plaintiff might become entitled thereunder to share in a commission derived from a sale of the specified property, and not, as contended by the defendant, on a new promise, unsupported by consideration, made by the defendant at the time of such termination to pay the plaintiff one half of any commission received upon a sale of the specified property. [140–141]

A contract of employment between a real estate broker and a salesman providing that the salesman should receive one half of commissions

paid on sale of properties which the salesman "showed . . . and assisted in the sale of" did not mean, as contended by the broker, that the salesman was not entitled to share in a commission unless he assisted in the sale of the property beyond mere showing of it. [142]

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated February 29, 1952.

The action was heard by *Connolly*, J.

*Albert W. Wunderly*, for the defendant.

No argument nor brief for the plaintiff.

WILKINS, C.J. The plaintiff, formerly a salesman for the defendant, sues for one half of a commission upon a sale of real estate which was completed after the plaintiff left the defendant's employ. There was a finding for the plaintiff in the sum of $250. The Appellate Division dismissed a report. The defendant appealed.

The District Court judge denied the defendant's third request, which read: "There is no evidence that there was any consideration given by the plaintiff to the defendant upon which the contract sought to be recovered upon could be predicated and the finding must be for the defendant upon the plaintiff's declaration." Rightly analyzed, this was not a request for a finding of fact, but was a request directed to the declaration for a ruling that there was no evidence warranting a finding for the plaintiff. *Gahn* v. *Leary*, 318 Mass. 425, 426.

The fundamental issue is the interpretation of the declaration, the material allegations of the first two unnumbered paragraphs of which follow:

"The plaintiff . . . prior to September 17, 1951 . . . was employed by the defendant as a salesman . . . in the defendant's real estate brokerage business at an agreed compensation of one half of all commissions received by the defendant from the sale of property or the placement of mortgages upon property which the plaintiff showed to and assisted in the sale of to the ultimate mortgagors of said porperty.

". . . [O]n or about September 17, 1951, the plaintiff terminated his employment with the defendant with the full

understanding and agreement with the defendant that he was to receive one half of all commissions received or to be received by the defendant on properties which had been shown by the plaintiff to one Michael Coholane . . . at 153 Medford Street in Arlington . . . [and to another prospective buyer at another address] . . . . [O]n October 17, 1951, the property at 153 Medford Street, Arlington, was sold to Michael Coholane . . . ."

The defendant contends that the declaration alleges the making of two contracts, one at the time of the agreement of hiring and a second in September, 1951, when the plaintiff left the defendant's employ. We do not agree. The contract declared upon was made at the outset of the plaintiff's service. The allegations as to what occurred when the plaintiff's employment ceased were not of a new promise to pay made by the defendant without consideration but a mutual recognition that there were still two properties within the scope of the contract upon which there was a possibility that the plaintiff might share in a commission should one later be paid. These allegations were surplusage. *Wolfson v. Fox*, 338 Mass. 603, 604.

There was evidence warranting a finding for the plaintiff. He testified that he was employed by the defendant in May, 1951; that at the time of the hiring the defendant said that if the plaintiff would come to work, the defendant would pay him one half of any commission as a result of a sale of any real estate upon which the plaintiff worked; that the plaintiff sold some properties and was paid the agreed amounts; that in September, 1951, the plaintiff told the defendant that he was leaving the defendant's employ; that the plaintiff had shown the property at 153 Medford Street, Arlington, to one Coholane, but had not been successful in selling it; and that after the plaintiff left, the defendant sold the property to Coholane, and received a commission of $500. On cross-examination the plaintiff testified that after he told the defendant that he was leaving, the defendant said that if the defendant should succeed in selling any property which had been shown for sale by the

plaintiff, the defendant would give him one half of the commission.

We do not accept the contention that under the terms of the contract declared upon the plaintiff could not recover unless he proved that he assisted in the sale beyond the mere fact of showing the property. Also it is a matter of no significance that the plaintiff did not allege that the defendant was indebted to him when the employment ceased. At that time no commission on a sale to Coholane had been received. The third request was rightly denied.

*Order dismissing report affirmed.*